UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE B. MILLINER, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>MUTUAL SECURITIES, INC.,<br><br>　　　　　Defendant. | Case No. 15-cv-03354-TEH<br><br>**ORDER REGARDING MAY 23, 2016 HEARING** |

　　　　On April 18, 2016, Plaintiffs filed a Motion for Partial Summary Judgment Re: Existence of Contractual Duty to Determine Suitability ("Mot."). Dkt. No. 30. Defendant Mutual Securities Inc. ("MSI") timely opposed the motion, Plaintiffs timely replied in support of the motion, and the matter is currently set for hearing on May 23, 2016. Opp'n to Pls.' Mot. for Partial Summ. J. ("Opp'n") (Dkt. No. 32); Pls.' Reply in Supp. of Mot. for Partial Summ. J. ("Reply") (Dkt. No. 33).

　　　　Plaintiffs request a very narrow ruling: "Plaintiffs seek a ruling from this Court establishing that Defendant MSI owed Plaintiffs a contractual duty to '*determine the suitability of any investment recommendations and advice*,' in accordance with the express terms of their Brokerage Agreement." Mot. at 1 (emphasis in original). MSI does not appear to contest the veracity of this narrow statement, since it agrees that "if MSI or one of its agents were to make investment recommendations or give investment advice to the Plaintiffs or the putative class members, then MSI and/or its agents would have a duty to make suitability determinations with respect to such recommendations or advice." Opp'n at 4-5. Thus, there appears to be no genuine dispute of material fact that the quoted language from the Brokerage Agreement (the "suitability clause") created a duty. *See* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there

is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

However, the parties do dispute whether the contractual duty created by the suitability clause extends to the investment advice Plaintiffs received from Bock Evans Financial Counsel, Ltd. ("BEFC").  *See* Reply at 1 ("MSI wants to exclude from its suitability duty all recommendations and advice that it received from MSI's affiliated investment advisors."); *id.* at 8 ("There is no language that excludes investment recommendations and advice from Thomas Bock, Mary Evans, or [BEFC]."); Opp'n at 1 ("Plaintiffs have not alleged, nor can they allege, that MSI actually made investment recommendations or gave investment advice relating to the Plaintiffs' or the putative class members' accounts."); *id.* at 2 ("MSI has some supervisory obligations over Bock and Evans as individually associated persons of MSI, but its obligations to Plaintiffs were significantly less because they were advisory clients of BEFC.").

Consequently, it appears that the narrow ruling Plaintiffs request would do little to move this case forward, as it would not address what appears to be the ultimate issue: the scope of the duty created by the suitability clause.  It is not clear whether Plaintiffs' arguments about the scope of MSI's contractual duty indicate that Plaintiffs seek summary adjudication of this broader issue, but Plaintiffs have not, in any case, provided sufficient legal argument to support a broader ruling.  Accordingly, IT IS HEREBY ORDERED that the May 23, 2016 hearing is VACATED, and the parties shall meet and confer on whether the Court should treat Plaintiffs' motion as seeking: (i) a narrow ruling on whether MSI had a contractual duty to "determine the suitability of any investment recommendations and advice," as presented in Plaintiffs' motion and proposed order; or (ii) a broader ruling on the scope of the duty created by the suitability clause and, more specifically, whether that duty extends to the investment advice Plaintiffs received from BEFC.

If the parties do not agree that the Court should treat Plaintiffs' motion as seeking the broader ruling, then Plaintiffs shall file a statement, on or before **May 25, 2016**, on whether the Court should enter a ruling on the narrow question presented in their motion or

whether Plaintiffs seek to withdraw their motion.  If Plaintiffs state that the Court should enter a ruling on the narrow question presented in their motion, then the Court is prepared to rule on the motion without further briefing or oral argument.  Civil L.R. 7-1(b).

If the parties do agree that the Court should treat Plaintiffs' motion as seeking the broader ruling, then Plaintiffs shall file a statement, on or before **May 25, 2016**, reflecting this agreement.  If the parties so agree, then IT IS HEREBY ORDERED that the May 23, 2016 hearing is continued to **June 20, 2016**, and the parties shall submit supplemental briefs by **June 8, 2016**, not to exceed 15 double-spaced pages, addressing the following questions:

For Both Parties

1. The parties agree that the scope of the suitability clause is determined by the parties' objective intent.  Mot. at 10; Opp'n at 4.  How is that intent not in dispute, and therefore not properly left to determination by a jury?
2. Do the Registered Investment Advisor Agreements between Plaintiffs and BEFC have any bearing on the scope of the suitability clause?  If so, what do those agreements say about MSI's role or duties regarding the investment advice Plaintiffs were to receive from BEFC?
3. How, if at all, does the fact that MSI conducts business as a "hybrid" broker-dealer have any bearing on MSI's role or duties regarding the investment advice Plaintiffs received from BEFC?

For Plaintiffs

4. Do Plaintiffs contend that the investment advice they received from BEFC is covered by the suitability clause because: (i) Thomas Bock and Mary Evans were acting as MSI's affiliated investment advisors when they gave Plaintiffs investment advice; (ii) Thomas Bock and Mary Evans were acting as MSI's agents when they gave Plaintiffs investment advice; (iii) the suitability clause covered any advice Plaintiffs received while MSI was

their broker-dealer, regardless of the source; or (iv) some, none, or all of the above? Please explain.

For Defendant

5. If MSI did not intend for the suitability clause to apply to the advice Plaintiffs received from BEFC, then why didn't the clause contain the sort of conditional language that MSI identifies elsewhere in the Brokerage Agreement? *See* Opp'n at 5-6.

**IT IS SO ORDERED.**

Dated:   05/18/16                              _____
                                                THELTON E. HENDERSON
                                                United States District Judge