UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE B. MILLINER, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>MUTUAL SECURITIES, INC.,<br><br>　　　　Defendant. | Case No. 15-cv-03354-TEH<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

On April 18, 2016, Plaintiffs filed a Motion for Partial Summary Judgment Re: Existence of Contractual Duty to Determine Suitability. Dkt. No. 30 ("Mot."). Defendant Mutual Securities Inc. ("MSI") timely opposed the motion, and Plaintiffs timely replied in support thereof. Opp'n to Pls.' Mot. for Partial Summ. J. ("Opp'n") (Dkt. No. 32); Reply in Supp. of Mot. for Partial Summ. J. ("Reply") (Dkt. No. 33).

On May 18, 2016, this Court requested clarification from the parties on the breadth of Plaintiffs' motion. Order Re: May 23, 2016 Hr'g ("Clarification Order") (Dkt. No. 34). On the basis of Plaintiffs' response to the Clarification Order, the Court vacated oral argument on Plaintiffs' motion for partial summary judgment pursuant to Civil L.R. 7-1(b). *Id.*; *see also* Dkt. No. 36. Having carefully considered the parties' written arguments, the Court hereby GRANTS Plaintiffs' motion, for the reasons set forth below.

**BACKGROUND**

This class action is related to another class action separately filed in this Court: *Milliner v. Bock Evans Financial Counsel, Ltd.*, No. 15-cv-1763 TEH (the "Bock Evans Class Action").[1] The Bock Evans Class Action was brought by the same Plaintiffs as the

---

[1] Default has been entered in the Bock Evans Class Action. No. 15-cv-1763 TEH, Dkt. No. 66 (N.D. Cal. May 18, 2016).

1  present class action, to challenge the "'one size fits all' investment approach implemented
2  by their investment advisor, Defendant Bock Evans Financial Counsel, Ltd. ('BEFC')."
3  Mot. at 2. Plaintiffs brought the present class action against Defendant MSI because of
4  MSI's relationship with BEFC; namely, because "BEFC required that clients hire
5  Defendant MSI as their custodial and supervising broker-dealer." *Id.* According to
6  Plaintiffs, "[o]ne reason that BEFC requires clients to use MSI is because [Thomas] Bock
7  and [Mary] Evans, the principal executive officers of BEFC, are also licensed with and
8  registered principals of MSI." *Id.* And Plaintiffs now allege that "the value of the BEFC
9  portfolios under MSI's supervision have gone from $60 million to $4.17 million in just a
10 few years, a drop of roughly $55.83 million, or 93%." *Id.*

11 The crux of Plaintiffs' class action claims against MSI, and the heart of the present
12 motion, is a "Brokerage Agreement" that MSI required Plaintiffs to enter into as clients of
13 BEFC. Plaintiffs explain:

> MSI . . . requires that clients enter into a Brokerage Agreement describing the "features and policies associated with the account," and the "various services" that MSI "agree[s] to provide." Through this Brokerage Agreement, MSI expressly promises that: "As your broker/dealer, we will: determine the suitability of any investment recommendations and advice."

18 *Id.* Plaintiffs now move for partial summary judgment regarding whether the quoted
19 language from the Brokerage Agreement (the "suitability clause") created a duty for MSI:
20 "Plaintiffs seek a ruling from this Court establishing that Defendant MSI owed Plaintiffs a
21 contractual duty to '*determine the suitability of any investment recommendations and*
22 *advice*,' in accordance with the express terms of their Brokerage Agreement." *Id.* at 1
23 (emphasis in original).

25 **LEGAL STANDARD**
26 Under Federal Rule of Civil Procedure ("Rule") 56, summary judgment is
27 appropriate "if the movant shows that there is no genuine dispute as to any material fact
28 and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56

1   provides for "partial summary judgment" where the movant seeks resolution of only
2   portions of certain claims or defenses. *Id*. Material facts are those that "might affect the
3   outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A
4   dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could
5   return a verdict for the nonmoving party." *Id.*

6       The party seeking summary judgment bears the initial burden of "informing the
7   district court of the basis for its motion, and identifying those portions of 'the pleadings,
8   depositions, answers to interrogatories, and admissions on file, together with the affidavits,
9   if any,' which it believes demonstrate the absence of a genuine issue of material fact."
10  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

12  **DISCUSSION**
13      After reviewing the parties' briefing, it was unclear to the Court whether the issue
14  to be decided is as narrow as suggested by Plaintiffs' motion. The motion requests a very
15  narrow ruling: "Plaintiffs seek a ruling from this Court establishing that Defendant MSI
16  owed Plaintiffs a contractual duty to '*determine the suitability of any investment*
17  *recommendations and advice*,' in accordance with the express terms of their Brokerage
18  Agreement." Mot. at 1 (emphasis in original). But MSI admits the veracity of this narrow
19  statement, as it agrees that "if MSI or one of its agents were to make investment
20  recommendations or give investment advice to the Plaintiffs or the putative class members,
21  then MSI and/or its agents would have a duty to make suitability determinations with
22  respect to such recommendations or advice." Opp'n at 4-5.
23      What the parties do dispute, however, is whether the contractual duty created by the
24  suitability clause extends to the investment advice Plaintiffs received from BEFC. *See*
25  Reply at 1 ("MSI wants to exclude from its suitability duty all recommendations and
26  advice that it received from MSI's affiliated investment advisors."); *id.* at 8 ("There is no
27  language that excludes investment recommendations and advice from Thomas Bock, Mary
28  Evans, or [BEFC]."); Opp'n at 1 ("Plaintiffs have not alleged, nor can they allege, that

3

1 MSI actually made investment recommendations or gave investment advice relating to the
2 Plaintiffs' or the putative class members' accounts."); *id.* at 2 ("MSI has some supervisory
3 obligations over Bock and Evans as individually associated persons of MSI, but its
4 obligations to Plaintiffs were significantly less because they were advisory clients of
5 BEFC.").

6 Given the apparent agreement on the narrow issue actually presented by Plaintiffs'
7 motion and concerned "that the narrow ruling Plaintiffs request would do little to move
8 this case forward," the Court therefore ordered the parties to meet and confer on whether it
9 would be a better use of judicial resources for the Court to address the ultimate issue in this
10 case: the scope of the duty created by the suitability clause. Clarification Order at 1-2.
11 Specifically, the Court ordered that:

> The parties shall meet and confer on whether the Court should treat Plaintiffs' motion as seeking: (i) a narrow ruling on whether MSI had a contractual duty to "determine the suitability of any investment recommendations and advice," as presented in Plaintiffs' motion and proposed order; or (ii) a broader ruling on the scope of the duty created by the suitability clause and, more specifically, whether that duty extends to the investment advice Plaintiffs received from BEFC.

17 *Id.* Despite the Court's concerns, Plaintiffs timely responded to the Clarification Order by
18 stating that they "request that the Court enter a ruling on the narrow question presented
19 through their Motion." Resp. to Ct.'s Order Re: May 23, 2016 Hr'g (Dkt. No. 35).

20 Accordingly, the Court now addresses the narrow question presented by Plaintiffs'
21 motion. And as previewed by the Clarification Order, the Court now holds that there is
22 "no genuine dispute of material fact that the quoted language from the [suitability clause]
23 created a duty." Clarification Order at 1. As stated above, MSI admits that some duty was
24 created by the suitability clause, because it agrees that "if MSI or one of its agents were to
25 make investment recommendations or give investment advice to the Plaintiffs or the
26 putative class members, then MSI and/or its agents would have a duty to make suitability
27 determinations with respect to such recommendations or advice." Opp'n at 4-5. Thus,
28 there is no genuine dispute of material fact that, under the suitability clause, "MSI owed

4

Plaintiffs a contractual duty to '*determine the suitability of any investment recommendations and advice*' in accordance with the express terms of their Brokerage Agreement." Mot. at 1 (emphasis in original). Because the parties expressly rejected the Court's invitation to address a much more important question – whether that duty was triggered by the advice Plaintiffs received from BEFC – the Court stops its analysis here.

## CONCLUSION

For the reasons set forth above, Plaintiffs' narrow motion for partial summary judgment is GRANTED.

**IT IS SO ORDERED.**

Dated: 06/27/16      _____
               THELTON E. HENDERSON
               United States District Judge