UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE B. MILLINER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MUTUAL SECURITIES, INC.,<br><br>Defendant. | Case No. 15-cv-03354-TEH<br><br>**ORDER RE: DEFENDANT'S RESPONSES TO REQUESTS FOR ADMISSIONS** |

Presently before the court is Plaintiffs' motion regarding Defendant's Responses to Requests for Admissions. ECF No. 61 ("Mot."). Defendant timely opposed the motion, ECF No. 66 ("Opp'n."), and Plaintiffs timely replied, ECF No. 70 ("Reply"). Pursuant to Civil Local Rule 7-1(b), the Court finds the motion suitable for determination without oral argument. After carefully considering the parties' written arguments, Plaintiff's motion is DENIED.

**DISCUSSION**

Pursuant to Fed. R. Civ. P. 36 Plaintiffs served Defendant with two sets of Requests for Admissions asking MSI to admit or deny whether certain specified stocks purchased into Plaintiffs' accounts were OTC Equity Stocks ("OTCs"). Mot. at 2:15–18. Defendant objected to answering these requests stating that answering them "would require MSI to undertake a lengthy and nuanced analysis regarding how 80 different stocks relate to two different statutes," that the requests are "unduly burdensome," and that the requests ask for a legal conclusion. Opp'n at 1:11–22.

However, Defendant's arguments are completely undercut by Defendant's Chief Compliance Officer deposition testimony, presented in Plaintiffs' Reply, which confirms that MSI has already determined which securities were OTCs at the time they were purchased into the Plaintiffs' accounts. Reply at 1:10–3:6; ECF No. 71-1, at 5-6. In light of this testimony, Defendant's arguments relating to the difficulty involved in answering

1  Plaintiffs' Requests for Admissions are refuted.  Additionally, Fed. R. Civ. P. 36(a)(1)(A)
2  authorizes a party to serve written requests to the opposing party seeking admissions of
3  "facts, the application of law to facts, or opinions about either."  Thus, Defendant cannot
4  oppose Plaintiffs' Requests for Admissions merely because Plaintiffs ask Defendant to
5  apply law to facts.

6  While the Court certainly has discretion to deem the answers to Plaintiffs' Requests
7  for Admissions to be admitted due to Defendant failing to comply with the requirements of
8  Rule 36(a), *see Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1274 (9th Cir.
9  1981), the Court shall grant the Defendant leave to file additional responses to Plaintiffs'
10 Requests for Admissions.  Defendant is ordered to provide such responses to Plaintiffs by
11 February 17, 2017.  Defendant is forewarned that any further failures to engage in good-
12 faith discovery will not be taken lightly by the Court.

14 **IT IS SO ORDERED.**

16 Dated: 2/6/17                    _____
17                                  THELTON E. HENDERSON
                                    United States District Judge