UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLOTTE B. MILLINER, et al.,

    Plaintiffs,

    v.

MUTUAL SECURITIES, INC.,

    Defendant.

Case No. 15-cv-03354-TEH

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs filed two motions for partial summary judgment: one on December 19, 2016 regarding suitability, ECF No. 59, and one on January 20, 2017 regarding "undisputed material facts," ECF No. 72. Defendant timely opposed, and Plaintiffs timely replied, to both motions. The Court heard oral arguments on the motions on February 27, 2017. After carefully considering the parties' written and oral arguments, the Court GRANTS IN PART AND DENIES IN PART Plaintiffs' motions for the reasons set forth below.

**I. BACKGROUND**

As the parties are familiar with the factual background of this case, the Court provides only a brief summary of the facts.

This class action is related to another class action separately filed in this Court: Milliner v. Bock Evans Financial Counsel, Ltd., No. 15-cv-1763 TEH (the "Bock Evans Class Action").[1] The Bock Evans Class Action was brought by the same Plaintiffs as the present class action, to challenge the "'one size fits all' investment approach implemented by their investment advisor, Defendant Bock Evans Financial Counsel, Ltd. ('BEFC')." ECF No. 1 ("Compl.") ¶ 1. BEFC provided investment advice and equity portfolio management services to individuals solely on a discretionary basis, meaning that BEFC

---

[1] Default has been entered in the Bock Evans Class Action. No. 15-cv-1763 TEH, ECF No. 66 (N.D. Cal. May 18, 2016).

selects which and when securities are to be bought and sold in a client's account without consultation with the client. *Id.* ¶ 8. Plaintiffs brought the present class action against Defendant Mutual Securities, Inc. ("MSI") because of MSI's relationship with BEFC. Specifically, BEFC required that clients hire MSI as their broker-dealer. *Id.* ¶ 9. Plaintiffs allege one reason BEFC required clients to use MSI is because Thomas Bock ("Bock") and Mary Evans ("Evans"), the principal executive officers of BEFC, were registered representatives of MSI. *Id.* ¶ 9. In other words, Bock and Evans were "dually registered as registered representatives and commissioned brokers of MSI and as investment advisors and principals of BEFC." ECF No. 32 at 1:27–2:1. Plaintiffs allege BEFC "plac[ed] 100% or nearly 100% of their assets in high risk and highly speculative foreign mining stocks, including over-the counter and penny stocks" resulting in the value of BEFC's portfolios going "from $60 million to $4.17 million in just a few years, a drop of roughly $55.83 million, or 93%." Compl. ¶¶ 1–2. Over-the-counter stocks ("OTCs") are securities which are traded through a dealer network rather than through a centralized formal exchange. Compl. ¶ 18. OTC trading is done directly between two parties, without any supervision of an exchange. Because the issuers of OTC stocks do not meet the minimum listing requirements for trading on national nor do they file periodic reports or audited statements, OTCs can be among the riskiest investments. *Id.*

The Court previously established there was no genuine dispute of material fact that "MSI owed Plaintiffs a contractual duty to 'determine the suitability of any investment recommendations and advice' in accordance with the express terms of their Brokerage Agreement." ECF No. 39 ("MSJ Order I") at 4:27–5:3 (emphasis omitted). However, the Court did not determine whether this duty was triggered by the advice Plaintiffs received from BEFC. *Id.* at 5:3–5. The Court also previously established MSI had a duty to supervise the outside advisory investment activities of Bock and Evans pursuant to FINRA rules. ECF No. 52 ("MSJ Order II") at 12.

In the present motions, Plaintiffs seek a ruling from this Court "establishing that Defendant breached its duty to supervise its registered representatives, Bock and Evans, by

failing to determine suitability," ECF No. 59 at 2:1–3, and an order "establishing [] certain specified material facts relating to Defendant's duty to supervise are not genuinely in dispute and treating the facts as established in the case." ECF No. 72 at 1:26–28.

## II. LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id. The court may not weigh the evidence and must view the evidence in the light most favorable to the nonmoving party. *Id.* at 255.

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings or materials in the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it "must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). However, on an issue for which its opponent will have the burden of proof at trial, the moving party can prevail merely by "pointing out to the district court . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial to defeat the motion. *Anderson*, 477 U.S. at 250.

## III. DISCUSSION

### A. MSI's Duty under FINRA Rules

Prior to determining whether MSI breached its duty to supervise Bock and Evans by failing to determine suitability, the Court finds it necessary to discuss what MSI's duty

3

entailed. As previously established by the Court, MSI was required to supervise the activities of Bock and Evans under FINRA regulations:

> This Court holds that the NTMs accompanying FINRA Rule 3280 undoubtedly establish that MSI had a duty to supervise Bock and Evans' outside advisory investment activities.

MSJ Order II 12:1–7. FINRA 3280(c)(2) explains that pursuant to this duty, MSI shall record such transactions "on the books and records of [MSI]" and that MSI "shall supervise the person's participation in the transaction as if the transaction were executed on behalf of the member." This duty to supervise includes a duty to determine suitability as well. Notice to Member ("NTM") 96-33[2] explains that when a broker approves an RR/IA's participation in private securities transactions for which he or she receives selling compensation, the firm must create a recordkeeping system and supervisory procedures that "enable the member to properly supervise the RR/IA by aiding the [broker-dealer's] understanding of the nature of the service provided by an RR/IA, the scope of the RR/IA's authority, and the *suitability of the transactions*." *Id.* (emphasis added). *See also* NTM 16-12 (explaining that when a broker-dealer approves an associated person to engage in private securities activities for selling compensation, the supervising broker-dealer must ensure "compliance with suitability standards for recommended securities.").

FINRA Rule 2111(a)[3] defines what determining suitability means: "a member or an associated person must have a reasonable basis to believe that a recommendation transaction . . . involving a security or securities is suitable for the customer based on the information obtained through the reasonable diligence of the member or associated person to ascertain the customer's investment profile." A customer's investment profile includes

---

[2] While NTM 96-33 refers to NASD art. III, § 40, this rule is a predecessor to FINRA Rule 3280. NASD art. III, § 40 was renamed to NASD Rule 3040, and NASD Rule 3040 was wholly adopted, without substantive change, as FINRA Rule 3280. Therefore, this NTM is directly applicable to FINRA Rule 3280.
[3] FINRA Rule 2111 was approved by the Securities and Exchange Commission ("SEC") on November 23, 2010, *see* Order Approving Proposed Rule Change, 75 FR 71479-01, and enacted on October 7, 2011. The Rule was modeled after former NASD Rule 2310 (Suitability). *See* NTM 11-02. The parties agree this rule applies to the facts of this case. *See* ECF No. 59 at 9:15–10:7; ECF No. 65 at 17:18–18:10.

4

1  factors such as the customer's age, other investments, financial situation and needs, tax
2  status, investment objectives, investment experience, investment time horizon, and risk
3  tolerance, among other things. *Id.* The duty to determine suitability cannot be disclaimed.
4  FINRA Rule 2111, Supplementary Material .02.

5  While the parties do not dispute that FINRA rules require a party who has approved
6  the outside investment activities of a registered representative to determine the suitability
7  of those outside activities, the crux of the parties' dispute lies in whether the agency
8  relationship created by the parties' agreements excuses MSI from the duty to determine
9  suitability. *See* ECF No. 65 at 15–16. MSI's theory is that because the Plaintiffs entered
10 into a Trading Authorization which designated "[BEFC] as his/her agent and attorney-in-
11 fact with full discretion, power and authority" to trade securities on their accounts, all
12 trades conducted by Bock and Evans were essentially unsolicited, thus releasing MSI from
13 any duty to determine suitability. Id. at 15–17. Similarly, MSI also argues it was not
14 required to determine the suitability of Bock and Evans' transactions because FINRA Rule
15 2111 only applies to transactions that are "recommended" by the member, and here MSI
16 never recommended any transactions. *Id.* at 18:2–19:1. But these arguments are foreclosed
17 by prior opinions from the SEC.[4] "FINRA and the SEC have held that registered
18 representatives who effect transactions on a customer's behalf without informing the
19 customer have implicitly recommended those transactions, thereby triggering application
20 of the suitability rule." *FINRA Rule 2111 (Suitability) FAQ*, n. 37,
21 http://www.finra.org/industry/faq-finra-rule-2111-suitability-faq (last visited Mar. 9,
22 2017).[5] *See also Pinchas v. Sec. Exch. Comm'n,* 54 S.E.C. 331, 341 n. 22 (1999)
23 ("Transactions that were not specifically authorized by a client but were executed on the
24 client's behalf are considered to have been implicitly recommended within the meaning of

---

[4] Again, because of the SEC's expertise in the securities industry, courts owe deference to its interpretation of NASD and FINRA rules. *See* MSJ Order II at 13 (citing *Krull v. Sec. Exch. Comm'n*, 248 F.3d 907, 911–912 (9th Cir. 2001).
[5] As previously determined by the Court, FINRA Rule 3280 does not "recognize a distinction between RR/IAs acting as registered representatives or as investment advisors." MSJ Order II at 15:12–15.

1   the NASD rules."); *Kettler v. Sec. Exch. Comm'n*, 51 S.E.C. 30, 32 n. 11 (1992) (stating
2   that transactions a broker effects for a discretionary account are implicitly recommended).
3   Additionally, FINRA Rule 2111 does not mention an exception to the duty to determine
4   suitability based on whether an account is discretionary or not.  And, if MSI were to
5   provide Plaintiffs with direct investment advisory services, it would clearly be subject to
6   FINRA Rule 2111; therefore, it logically follows that the duty under FINRA Rule 3280 to
7   supervise a person's participation in an outside transaction "as if the transaction were
8   executed on behalf of the member" also includes a duty to comply with the suitability
9   requirements of FINRA Rule 2111.

10   In short, pursuant to FINRA regulations, MSI had a duty to determine the suitability
11   of Bock and Evans' recommended transactions.

### B. MSI's Duty Under the Parties' Brokerage Agreement

13   Through a previous order, the Court ruled there was "no genuine dispute of material
14   fact that, under the suitability clause, 'MSI owed Plaintiffs a contractual duty to
15   "determine the suitability of any investment recommendations and advice" in accordance
16   with the express terms of their Brokerage Agreement.'"  MSJ Order I, 4:28–5:3 (emphasis
17   omitted).  However, the parties expressly rejected the Court's invitation to address the
18   question of whether this duty was triggered by the advice Plaintiffs received from BEFC.
19   *Id.* at 5:3–5.

20   Now the parties are disputing whether the suitability clause of the parties'
21   Brokerage Agreement was ever triggered.  Plaintiffs cite the MSJ Order II in arguing that
22   "[b]ecause Bock and Evans were 'associated persons'/'registered persons' of MSI at the
23   time they advised Plaintiffs regarding their investments, MSI owed Plaintiffs a duty to
24   'determine the suitability of any investment recommendations and advice*'* under the
25   suitability clause." ECF No. 69 at 9:11–14 (emphasis omitted).  Not so.  While the Court
26   did previously find that MSI owed the Plaintiffs a duty, this duty was based on FINRA
27   rules and obligations – *not* on the parties' Brokerage Agreement.  Indeed, the Court never
28   stated that such a duty arose from the parties' contractual agreements.  Additionally, when

6

the Court rejected MSI's argument that there was a distinction between RR/IAs acting as registered representatives or investment advisors, it was done within the scope of addressing MSI's overarching argument that the parties' agreements could release it from its FINRA obligations.  *See* MSJ Order II at 15.   In other words, while FINRA rules may not recognize a distinction between an RR/IA acting as a registered representative or an investment advisor, Plaintiffs provide no legal authority for their proposition that the parties' contractual agreements also do not recognize the distinction.

In light of this lack of legal authority, and because the issue has not been fully briefed, the Court cannot say as a matter of law that MSI breached any duty under the parties' Brokerage Agreement.  Accordingly, the Court DENIES Plaintiff's motion for partial summary judgment on the issue of whether MSI breached its duty under the parties' suitability clause.

### C. MSI's Failure to Determine Suitability is Conclusively Established by its Own Admissions

Rule 36 of the Federal Rules of Civil Procedure states: "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."  Fed. R. Civ. P. 36(b).  "[T]he court and parties are bound by such admissions, which cannot be ignored by the district court simply because it finds the evidence presented by the party against whom the admission operates more credible." *Tillamook Country Smoker, Inc. v. Tillamook Cty. Creamery Ass'n*, 465 F.3d 1102, 1112 (9th Cir. 2006) (internal quotation marks omitted).  *See also Echo Drain v. Newsted*, 307 F. Supp. 2d 1116, 1122 (C.D. Cal. 2003) ("unlike admissions made in interrogatory answers or depositions, admission made in [Requests for Admission] are binding and cannot be explained away or contracted by other evidence.") (citation omitted).

Here, MSI has clearly admitted it did not make any suitability determinations for transactions linked to either of the Plaintiffs' accounts.  Plaintiffs made the following Requests for Admissions:

///

> **Request for Admission No. 3:** MSI did not "determine the suitability of any investment recommendations and advice" made in connection with Ms. Brem's Trust Account.
> **Request for Admission No. 4:** At no time while MSI acted as broker/dealer did MSI "determine the suitability of any investment recommendations and advice" made in connection with Ms. Brem's Trust Account.
> **Request for Admission No. 5:** MSI never intended to "determine the suitability of any investment recommendations and advice" made in connection with Ms. Brem's Trust Account.

ECF No. 60-4 at 3–5. MSI replied to each Request in the same manner:

> Defendant objects to this request as vague, ambiguous, misleading, and compound.
> Notwithstanding the foregoing objections, *Defendant admits to the extent that it exercised some limited supervisory obligations with regards to Plaintiff's investment advisory accounts at issue.* Defendant denies to the extent that the request implies that MSI had the same supervisory obligations it has for a brokerage account.

*Id* (emphasis added).[6] Plaintiff also made the following Request for Admission:

> **Request for Admission No. 17:** MSI never determined that OTC Equity Securities were suitable for Ms. Brem's Trust Account.

To which MSI replied stating:

> Admit, because MSI did not make any investment recommendations or give any investment advice.

ECF No. 60-6 at 11.[7] Being how MSI has not sought to withdraw or amend these admissions in accordance with Rule 36(b), MSI's failure to determine suitability is conclusively established. Thus, the Court is bound from considering any of MSI's arguments or evidence to the contrary. *Echo Drain*, 307 F. Supp. 2d at 1122. Accordingly, the Court GRANTS Plaintiff's motion for partial summary judgment in establishing that MSI breached its duty to determine suitability under FINRA Rules.

///

---

[6] The Requests and Responses were the same for Ms. Milliner's Trust and Retirement accounts. *See* ECF No. 60-5 at 3–6.
[7] The Requests and Responses were the same for Ms. Milliner's Trust and Retirement accounts. *See* ECF No. 60-7 at 6.

### D. Affirmative Defenses are Outside the Scope of this Motion

MSI also opposes the motion by putting forth arguments that its conduct was reasonable because Plaintiffs' actions ratified MSI's actions and because such conduct created an estoppel. *See* ECF No. 65 at 20:9–19. The Court finds these affirmative defenses to be outside of the scope of this motion, particularly because such defenses do not actually create a genuine dispute as to whether MSI failed to make suitability determinations.[8] However, MSI is not precluded from bringing forth such affirmative defenses in a later motion.

### E. Plaintiff's Motion for Partial Summary Judgment on "Undisputed Material Facts" is Procedurally Deficient

The Court now turns to address Plaintiff's motion for partial summary judgment regarding "undisputed material facts." Although Federal Rule of Civil Procedure 56(a) allows a party to move for summary judgment on a part of a claim or defense and Federal Rule of Civil Procedure 56(g) permits courts to establish certain facts as true when a motion for summary judgment is not fully granted, the Plaintiffs have failed to put forth – and the Court is unaware of – any legal authority standing for the proposition that Rule 56 can be used as a stand-alone motion to establish mere independent facts. Indeed, Plaintiffs did not clearly set out how these facts are material or how they specifically relate to their claims. *See* ECF No. 72 at 1. The Plaintiffs must explain in their Rule 56 motion – not their reply – how their "undisputed material facts" fit within their specific legal claims. *See Dalton v. Alston & Bird*, 741 F. Supp. 1322, 1336 (S.D. Ill. 1990) (Rule 56 "does not authorize an independent motion to establish certain facts as true."). Accordingly, Plaintiff's motion for partial summary judgment regarding undisputed material facts is DENIED.[9]

---

[8] In addition, MSI agreed during oral arguments that these affirmative defenses may be saved for MSI's own motion for summary judgment.
[9] This outcome is also warranted by the fact that MSI was not given an opportunity to counter Plaintiff's legal arguments because they were not put forth until Plaintiff's reply, and because MSI indicated during oral arguments that it might dispute the facts Plaintiff sought to establish as true.

9

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART Plaintiffs' motions for partial summary judgment. This Order, however, does not establish liability on any of Plaintiffs' claims, as MSI is not precluded from later presenting affirmative defenses.

**IT IS SO ORDERED.**

Dated: 03/17/17    _____
THELTON E. HENDERSON
United States District Judge