UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE B. MILLINER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MUTUAL SECURITIES, INC.,<br><br>Defendant. | Case No. 15-cv-03354-TEH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL** |

On February 8, 2017, the Defendant Mutual Securities, Inc. ("MSI") filed a Motion to Compel Plaintiffs' Production of Documents. ECF No. 81 ("Mot."). Plaintiffs timely opposed the motion, ECF No. 83 ("Opp'n"), and Defendant timely replied, ECF No. 86 ("Reply"). The Court heard oral arguments on the motion on March 20, 2017. After carefully considering the parties' written and oral arguments, the Court GRANTS IN PART AND DENIES IN PART Defendant's motion for the reasons set forth below.

## I. BACKGROUND

As the parties are familiar with the factual background of this case, the Court provides only a brief summary of the facts.

This class action is related to another class action separately filed in this Court: Milliner v. Bock Evans Financial Counsel, Ltd., No. 15-cv-1763 TEH (the "Bock Evans Class Action").[1] The Bock Evans Class Action was brought by the same Plaintiffs as the present class action, to challenge the "'one size fits all' investment approach implemented by their investment advisor, Defendant Bock Evans Financial Counsel, Ltd. ('BEFC').'" Compl. ¶ 1 (EFC No. 1). Plaintiffs brought the present class action against MSI because of MSI's relationship with BEFC. Specifically, BEFC required that clients hire MSI as their broker-dealer. *Id.* ¶ 9. Plaintiffs allege one reason BEFC required clients to use MSI is

---

[1] Default has been entered in the Bock Evans Class Action. No. 15-cv-1763 TEH, ECF No. 66 (N.D. Cal. May 18, 2016).

because Thomas Bock ("Bock") and Mary Evans ("Evans"), the principal executive officers of BEFC, were registered representatives of MSI. *Id.* ¶ 9. In other words, Bock and Evans were "dually registered as registered representatives and commissioned brokers of MSI and as investment advisors and principals of BEFC." ECF No. 32, at 1:27–2:1. Plaintiffs allege BEFC "plac[ed] 100% or nearly 100% of their assets in high risk and highly speculative foreign mining stocks, including over-the counter and penny stocks" resulting in the value of BEFC's portfolios going "from $60 million to $4.17 million in just a few years, a drop of roughly $55.83 million, or 93%." Compl. ¶¶ 1–2.

Through prior orders, the Court has established: "MSI owed Plaintiffs a contractual duty to 'determine the suitability of any investment recommendations and advice' in accordance with the express terms of their Brokerage Agreement," ECF No. 38, 4:27–5:3; MSI had a duty to supervise the outside advisory investment activities of Bock and Evans pursuant to FINRA rules, ECF No. 52, at 12; and MSI breached its duty under FINRA rules to determine suitability, ECF No. 87 at 8:23–24.

Presently before the Court is MSI's Motion to Compel Plaintiffs' Production of Documents. MSI alleges that the Plaintiffs have not produced any documents in response to its Requests for Production and seeks an order from the Court compelling Plaintiffs to do so.

**II. LEGAL STANDARD**

A party may bring a motion to compel discovery when another party has failed to respond adequately to a discovery request. Fed. R. Civ. P. 37(a)(3). A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b). As the moving party, MSI must inform the court which discovery requests are the subject of the motion to compel, why Plaintiffs' objections are

not justified or why the response provided is deficient, and how proportionality and the other requirements of Federal Rule of Civil Procedure 26(b)(2) are met. *See* Civil L.R. 37-2. "A district court has wide latitude in controlling discovery . . . ." *Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (citation and internal quotation marks omitted).

## III. DISCUSSION

### a. Scope of Relief

In its motion, MSI specifically asks the Court to order the Plaintiffs to produce documents in response to MSI's Requests for Production Nos. 1–78. Mot. at 1:7–10. However, in its reply, MSI asks the Court to "order Plaintiffs to produce the documents responsive to MSI's narrow 18 categories of requests." Reply at 12:2–4.[2] Because MSI voluntarily narrowed its requests in good faith before the motion to compel and because MSI's reply only asks for an order relating to these 18 categories, the Court only considers these 18 categories for purposes of the motion.

### b. Requests for Productions Regarding Plaintiffs' Non-MSI Accounts, Tax Returns, and Financial Statements are Relevant.

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery on "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Here, Plaintiffs object to MSI's requests for the production of Plaintiffs' non-MSI accounts, tax returns, and financial statements on the basis that these records are not relevant to case. Opp'n at 7:14–16, 8:11. Notably, however, while Plaintiffs' objections focused on arguing that these requests are not relevant to suitability – Plaintiffs failed to refute MSI's suggestion that the requests are relevant to issues of class certification (e.g., typicality of claims and Plaintiffs' adequacy to represent the class). Because the Plaintiffs' financial profiles and investment experience could raise unique

---

[2] MSI's declaration in support of the motion suggests that the parties had a telephonic meet and confer on October 19, 2016, pursuant to Judge Beeler's discovery order during which MSI narrowed its 78 requests for production to 18. ECF No. 81-1 at 84 ("Exh. H").

3

1   defenses for MSI against Plaintiffs' specific claims, *see, e.g., Navellier v. Sletten*, 262 F.3d
2   923, 941 (9th Cir. 2001), the Court finds these requests are relevant to determining class
3   certification issues. Accordingly, Plaintiff's objections to these requests based on
4   relevance are rejected.

### c. Plaintiff's Proportionality Objections are Unavailing

6   In responding to MSI's motion, Plaintiffs contend that MSI's demand "fail[s] to
7   meet the proportionality requirements of Rule 26(b)(2), since the vast majority of the
8   documents Defendant seeks to compel are Defendant's *own* documents." Opp'n at 1:18–
9   19. In support of this argument, Plaintiffs cite Rule 26(b)(1), which requires courts to
10  consider the "the parties' relative access to relevant information," and Rule 26(b)(2)(C)(i),
11  which permits a court to limit discovery if it determines that the requested information
12  "can be obtained from some other source that is more convenient, less burdensome, or less
13  expensive." Plaintiffs' theory is that because this case focuses on MSI's alleged
14  misconduct, MSI's own documents are the focus of discovery, not the Plaintiffs'. *See*
15  Opp'n at 3:13–26. Furthermore, Plaintiffs suggest MSI is likely to have the requested
16  documents because it "cannot provide any declaration stating that it does not have these
17  documents." *Id.* at 11–14. These arguments fail. Plaintiffs cite no case law supporting
18  this position. In fact, MSI's cited case law directly rejects Plaintiffs' arguments. A party
19  is "required to produce documents he [or she] has in his possession, custody or control,
20  regardless of whether he [or she] believes [the opposing party] already has those
21  documents." *Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996). *See
22  also Hitachi, Ltd. v. AmTRAN Technology Co. Ltd.*, 2006 WL 2038248, at *3 (N.D. Cal.
23  July 18, 2006) (same); *Fort Washington Resources, Inc. v. Tannen,* 153 F.R.D. 78, 79
24  (E.D. Cal. 1994) ("[I]t is not a bar to the discovery of relevant material that the same
25  material may be in the possession of the requesting party or obtainable from another
26  source. . . . Thus, Defendant must produce the requested documents regardless of their
27  existence in the possession of Plaintiff or of their accessibility through the sub-
28  contractors.").

4

During oral arguments, the Plaintiffs attempted to distinguish these cases by citing the 2015 amendment to Rule 26, which added language on the need to consider the proportionality of discovery requests. But the Committee Notes on the 2015 amendment explain that the amendment "does not change the existing responsibilities of the court and the parties to consider proportionality," rather the amendment simply reinforces this obligation. Fed. R. Civ. P. 26, Committee Notes on Rules –2015 Amendment. Additionally, the Committee stated the amendment was not "intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional." *Id.* Here, Plaintiffs have failed to show how MSI's discovery requests are disproportionate. This is especially true in light of MSI's narrowed requests and its willingness to bear the cost of producing these discovery requests. The fact that MSI's requests for production may include many documents that MSI already possesses does not mean Plaintiffs can simply refuse to produce any documents. Lastly, Rule 26(b)(1) requires the Court to also consider the case's amount in controversy when determining proportionality. Here, where Plaintiffs are seeking compensatory damages for "tens of millions of dollars," Compl. ¶ 17, the Court finds Plaintiffs' proportionality objections unpersuasive.

**d. Facially Overbroad Requests are Denied**

Even though Plaintiffs did not address the Court's question during oral arguments on whether any of MSI's 18 requests needed to be eliminated or further narrowed, the Court finds requests 8–9, 11, 13, and 15 to be facially overbroad.[3] Accordingly, MSI's motion to compel production on these requests is DENIED. This order, however, does not preclude MSI from narrowing the denied requests and re-seeking production.

///

---

[3] Although MSI's 18 requests were not numbered, *see* ECF No. 81-1 at 84, the Court identifies each request by its numerical order of appearance (i.e., "All BEFC/MSI account statements" is Request #1; "Communications including electronic communications and notes from telephone calls, between Plaintiffs and BEFC, Tom Bock, and/or Mary Evans" is Request #2; etc.).

5

### e. Plaintiffs Must Allow Inspection and Copying

The parties also dispute whether Plaintiffs are required to produce copies of the requested productions to MSI. However, "[a] party producing documents will ordinarily not be put to the expense of making copies for the requesting party. Rule 34(b) merely requires that the responding party make documents available for inspection and copying." 7 *Moore's Federal Practice* § 34.14[5] at 34-92 (2016). Accordingly, the Plaintiffs may fulfill their obligation under Rule 34(b) by allowing MSI to inspect its documents.

## IV. CONCLUSION

In sum, the information MSI seeks is relevant to its claims and defenses, and Plaintiffs' objections are unpersuasive. Accordingly, the Court GRANTS IN PART MSI's motion to compel responses by requiring Plaintiffs' to allow MSI to inspect and copy any documents included in requests 1–7, 10, 12, 14, and 16–18. The motion is DENIED in all other respects.

The enforcement of this Order and all further discovery disputes shall be referred back to Magistrate Judge Laurel Beeler.

The parties shall meet and confer and file a joint case management statement on or before **May 8, 2017**, and appear for a case management conference on **May 15, 2017, at 1:30 PM.**

**IT IS SO ORDERED.**

Dated: 3/24/17　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　THELTON E. HENDERSON
　　　　　　　　　　　　　　　　　　United States District Judge