United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE B. MILLINER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MUTUAL SECURITIES, INC., <br><br> Defendant. | Case No. 15-cv-03354-TEH <br><br> **ORDER GRANTING MSI'S MOTION TO AMEND DISCOVERY RESPONSES AND MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL RECONSIDERATION** |

Presently before the Court are Defendant Mutual Securities, Inc.'s ("MSI") motion to amend discovery responses (ECF No. 91) and motion for leave to file motion for partial reconsideration of the Court's March 18, 2017 Order (ECF No. 90). Plaintiffs timely opposed both motions. The Court heard oral arguments on MSI's motions on May 8, 2017. During oral arguments, the Court granted Plaintiffs request for an opportunity to respond to MSI's late filing of an exhibit[1] (ECF No. 97) in support of its motion. Plaintiff filed a supplemental brief (ECF No. 105), and MSI replied to the supplemental brief (ECF No. 111). After carefully considering the Parties' written and oral arguments the Court GRANTS both of MSI's motions.

I. **BACKGROUND**

As the parties are familiar with the factual background of this case, the Court provides only a brief summary of the facts.

This class action is related to another class action separately filed in this Court: Milliner v. Bock Evans Financial Counsel, Ltd., No. 15-cv-1763 TEH (the "Bock Evans Class Action").[2] The Bock Evans Class Action was brought by the same Plaintiffs as the

---

[1] MSI stated it inadvertently omitted Exhibit A of the declaration of Mary Evans it filed on April 3, 2017 in support of its Motion to Amend its Discovery Responses. ECF No. 97 at 1. Exhibit A was filed on May 1, 2017 and consists of Bock Evans Financial Counsel's Client Information Forms for Plaintiffs Brem and Milliner.

[2] Default has been entered in the Bock Evans Class Action. No. 15-cv-1763 TEH, ECF No. 66 (N.D. Cal. May 18, 2016).

1 present class action, to challenge the "'one size fits all' investment approach implemented
2 by their investment advisor, Defendant Bock Evans Financial Counsel, Ltd. ('BEFC')."
3 Compl. ¶ 1 (EFC No. 1). Plaintiffs brought the present class action against Defendant
4 Mutual Securities, Inc. ("MSI") because of MSI's relationship with BEFC. Specifically,
5 BEFC required that clients hire MSI as their broker-dealer. *Id.* ¶ 9. Plaintiffs allege one
6 reason BEFC required clients to use MSI is because Thomas Bock and Mary Evans, the
7 principal executive officers of BEFC, were registered representatives of MSI. *Id.* ¶ 9. In
8 other words, Bock and Evans were "dually registered as registered representatives and
9 commissioned brokers of MSI and as investment advisors and principals of BEFC." ECF
10 No. 32 at 1:27–2:1. Plaintiffs allege BEFC "plac[ed] 100% or nearly 100% of their assets
11 in high risk and highly speculative foreign mining stocks, including over-the counter and
12 penny stocks" resulting in the value of BEFC's portfolios going "from $60 million to
13 $4.17 million in just a few years, a drop of roughly $55.83 million, or 93%." Compl. ¶¶ 1–
14 2.

15 Through prior orders, the Court established "MSI owed Plaintiffs a contractual duty
16 to 'determine the suitability of any investment recommendations and advice' in accordance
17 with the express terms of their Brokerage Agreement," ECF No. 38, 4:27–5:3; that MSI
18 had a duty to supervise the outside advisory investment activities of Thomas Bock and
19 Mary Evans pursuant to FINRA rules, ECF No. 52 at 12; and that this duty to supervise
20 includes a duty to determine suitability, ECF No. 87 at 4:8–9.

21 Presently before the Court are two motions: (1) MSI's Motion to Amend its
22 Discovery Responses, ECF No. 91, and (2) MSI's Motion for Leave to File Motion for
23 Partial Reconsideration of Court's March 18, 2017 Order, ECF No. 90. In short, MSI
24 argues it should be granted leave to amend its responses to its Requests for Admissions
25 because at the time it made its admissions that it did not determine the suitability of trades
26 conducted in Plaintiffs' accounts, MSI had the understanding that Bock and Evans' actions
27 were not done on MSI's behalf. ECF No. 91 at 1:2–8. MSI argues this understanding was
28 rejected by the Court in its March 18, 2017 order, therefore making its admissions no

longer accurate. *Id*. at 1:18–21. MSI also argues that because these admissions were the sole basis for the Court's determination that MSI failed to determine suitability, MSI's amendment of its responses – should the Court decide to grant them – creates a material difference in law and fact that warrants reconsideration of the issue. *See* ECF No. 90.

## II. LEGAL STANDARDS

### a. Motion to Withdraw or Amend Responses to Requests for Admission

Under Federal Rule of Civil Procedure 36(b), the Court may permit withdrawal or amendment of an admission under Rule 36 "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." This rule allows the Court to exercise to its discretion to grant relief from an admission only when (1) "the presentation of the merits of the action will be subserved," and (2) "the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." *Conlon v. United States*, 474 F.3d at 621 (9th Cir. 2007).

### b. Motion for Reconsideration

Civil Local Rule 7-9 establishes the entry of a final judgment, "any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on the ground set forth in Civil L.R. 7-9(b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Additionally, Civil L.R. 7-9(b) requires that the party seeking leave to file a motion for reconsideration must show "reasonable diligence in bringing the motion, and one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or

3

> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Motions for reconsideration should not be frequently made or freely granted. *See generally Twentieth Century-Fox Film Corp. v. Dunnahoo,* 637 F.2d 1338, 1341 (9th Cir. 1981). "[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest justice." *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364 n. 5 (9th Cir. 1989).

## III. DISCUSSION

### a. Bock and Evans Actions Are Imputed to MSI Under FINRA Rules

The Court finds it appropriate to first discuss one of the parties' major disputes made evident in the briefs: whether the Court's March 18, 2017 Order means that Bock and Evans actions can be imputed to MSI under FINRA Rules. *See* ECF No. 93 at 3:23–4:9; ECF No. ECF No. 95 at 4:12–24. In its prior order the Court rejected MSI's theory that because Bock and Evans possessed "full discretion, power and authority" to trade securities on behalf of the Plaintiffs, the trades were "unsolicited" and not recommended by MSI, thus releasing MSI from any duty to determine the suitability of these transactions. ECF No. 87 at 5:9–17. In rejecting this argument, the Court relied on guidance from FINRA and prior opinions from the Securities and Exchange Commission ("SEC"). *Id.* at 5:16–6:9. FINRA has clarified that "registered representatives who effect transactions on a customer's behalf without informing the customer have implicitly recommended those transactions, thereby triggering application of the suitability rule." *FINRA Rule 2111 (Suitability) FAQ,* n. 37. The Court also relied on *Pinchas v. Sec. Exch. Comm'n*, 54 S.E.C. 331, 341 n. 22 (1999) and *Kettler v. Sec. Exch. Conn'n*, 51 S.E.C. 30, 32 n. 11 (1992). These cases provide further guidance on the parties' present dispute.

In *Kettler*, the SEC conducted a review of NASD disciplinary proceedings against Paul Kettler, a securities investment firm manager. That case centered on unsuitable options traded in a customer's account. Price, the customer, had opened a trading account

4

at Kettler's firm worth $275,000 with one of Kettler's salesmen, Schweig. *Kettler*, 51 S.E.C. at 31. Although Price had orally given Schweig discretionary authority to trade up to $9,000 in options, Schweig disregarded this instruction and conducted an excessive amount of option trades that resulted in $50,000 in losses for Price and $9,000 in commissions for Kettler's firm. *Id*. In adjudicating the matter, the SEC recognized there was "a question whether unauthorized trades are 'recommended' within the meaning of NASD suitability provisions." *Id.* at 32 n. 11. The SEC concluded that "[i]n executing securities transactions on Price's behalf, Schweig implicitly recommended the transactions to her." *Id.* Therefore, Kettler's firm was found liable for violating the suitability standards of the National Association of Securities Dealers, Inc. ("NASD"). *Id.*

In *Pinchas*, the SEC conducted a review of NASD disciplinary procedures against Rafael Pinchas, a former general securities representative. *Pinchas*, 54 S.E.C. at 332. Among other things, the SEC affirmed that Pinchas had made unsuitable recommendations when he conducted trades on behalf of two clients, both of whom had granted him discretionary authority to conduct trading on their behalf. *Id.* at 332. This was because Pinchas, before the trades were executed, failed to make appropriate inquiries about the clients' investment objectives, financial situations, or needs. *Id.* at 341. Furthermore, the Court found that Pinchas' discretionary authority did not release him from his regulatory duties because "transactions that were not specifically authorized by a client but were executed on the client's behalf are considered to have been implicitly recommended within the meaning of the NASD rules." *Id.* at 341 n. 22 (quoting *Kettler*, 51 S.E.C. 30, 32 n. 11 (1992).

As illustrated by these cases, when a registered representative conducts a trade on behalf of a customer, without the customer's explicit authorization, the trade is implicitly recommended by the registered representative. Therefore, it follows that when Bock and Evans – who were registered representatives of MSI at the time – conducted the trades connected with Plaintiffs' accounts, their actions were imputed to MSI under FINRA rules. Moreover, this rule is consistent with the Court's prior rejection of MSI's attempt to create

5

a distinction between a dually-registered agent ("RR/RIA") acting as a registered representative or as a registered investment advisor. ECF No. 52 at 15:2–11 ("Notably, none of the above-mentioned NTMs, nor the Commission's interpretation of these NTMs recognize a distinction between RR/IAs acting as registered representatives or as investment advisors.").

### b. Further Clarification of MSI's Duty under FINRA Rules

In an attempt to assist the parties in their future motions and briefing, the Court finds it prudent to provide further guidance on the scope of MSI's duty with regard to Bock and Evans. Plaintiffs are correct in stating that, under FINRA regulations, Bock and Evans cannot supervise themselves. *See* FINRA Rule 3110(b)(6)(C)(i) (expressly prohibiting registered representatives from supervising their own activities). However, while Bock and Evans' actions in determining the suitability of the Plaintiffs' transactions may be imputed to MSI, this does not absolve MSI of further responsibility. MSI was required to undertake additional supervising responsibilities. Again, NTM 96-33 explains that when a broker approves an RR/IA's participation in private securities transactions for which he or she receives selling compensation, the firm must create a recordkeeping system and supervisory procedures that "enable the member to properly supervise the RR/IA by aiding the [broker-dealer's] understanding of the nature of the service provided by an RR/IA, the scope of the RR/IA's authority, and the suitability of the transactions." Moreover, the same regulation explains that neither federal securities laws nor other self-regulatory organization rules mandate the supervisory system or structure that a broker dealer must use. *Id.* Rather, broker-dealers "have tremendous flexibility to develop and implement recordkeeping and supervisory systems that meet the unique nature and scope of their own operations," provided that the systems "ensure that full and complete transaction information is captured, and [are] reasonably designed to detect and/or prevent misconduct that could violate the federal securities laws and [FINRA] Rules." *Id.* Thus, while these rules do not require that MSI conduct a separate, independent suitability

analysis of Bock and Evans' transactions, MSI must still show it had a supervisory system capable of satisfying the requirements of NTM 96-33.[3]

### c. MSI's Amendment of its Admissions is Proper

As stated above, the Court may exercise its discretion to grant relief from an admission only when (1) "the presentation of the merits of the action will be subserved," and (2) "the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." *Conlon*, 474 F.3d at 621. Both requirements are met here.[4]

#### i. Amendment Would Promote the Presentation of the Merits of the Action

In light of the fact that Bock and Evans' actions are imputed to MSI, for purposes of FINRA rules, it is clear that allowing MSI to amend its responses to Plaintiffs Requests for Admissions would promote the presentation of the merits in this case. This is because MSI has submitted a declaration from Mary Evans describing her efforts in making suitability determinations. *See* ECF No. 91-2. Therefore, because Bock and Evans' actions are imputed to MSI, *see supra* Section III.a, it appears MSI may have in fact determined the suitability of the transactions at issue in this case. However, the Court previously granted Plaintiffs' motion for partial summary judgment in establishing that MSI breached its duty to determine suitability under FINRA Rules. ECF No. 87 at 8:23–24. This ruling was made solely on the basis of MSI's prior admissions that it did not determine the suitability

---

[3] As stated in prior orders, although NTM 96-33 refers to NASD art. III, § 40, this rule is a predecessor to FINRA Rule 3280. NASD art. III, § 40 was renamed to NASD Rule 3040, and NASD Rule 3040 was wholly adopted, without substantive change, as FINRA Rule 3280. Therefore, this NTM is directly applicable to FINRA Rule 3280.

[4] In their supplemental brief, Plaintiffs also argued that the Judicial Admissions Doctrine prohibits MSI from amending its discovery. ECF No. 105 at 2–5. But as Plaintiffs' own brief acknowledges, this doctrine only applies to *factual* allegations, not legal conclusions. *Id*. at 2:11; 29A AM. JUR. 2D *Evidence* § 783 (2017) ("A judicial admission is a deliberate, clear, unequivocal statement of a party about a concrete fact within that party's knowledge, not a matter of law. . . . In order to constitute a judicial admission, the statement must be one of fact, not opinion."). Here, MSI's prior admission that it did not determine the suitability of the transactions at issue in this case were based on the legal *opinion* that Bock and Evans' actions were not done on behalf of MSI. Thus, the Judicial Admissions Doctrine does not bar MSI's proposed amendments here.

of any investment recommendations or advice given to the Plaintiffs, and because of Federal Rule of Civil Procedure 36(b) establishes that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." ECF No. 87 at 7:13–8:24. If the Court were to deny MSI's motion to amend its discovery responses, MSI would not have the opportunity to present evidence supporting its position that it did comply with its FINRA obligations and the truth of the matter would be obfuscated.

Plaintiffs' arguments to the contrary are simply unpersuasive. Rather than arguing that MSI's amendments would not promote a presentation of the merits, Plaintiffs argue MSI's motion must fail because "if the admissions leave room for Defendant to contest any of the elements of Plaintiffs' claim, Defendant cannot satisfy the first prong of the test under Rule 36(b)." Opp'n at 8:15–17. In support of this argument, Plaintiffs rely on several non-binding cases, including two in-circuit decisions which rely on the Ninth Circuit's decision in *Conlon* – which is binding on this court. But the Court finds these two cases rely on a misreading of *Conlon*. For example, in *Carden v. Chenega Security & Protection Servs., LLC*, 2011 WL 1344557 (E.D. Cal. Apr. 8, 2011), the court determined:

> As to the first part of the test . . . the court in *Conlon* observed that this part of the test is satisfied when "upholding the admissions would practically eliminate any presentation of the merits of the case." . . . Thus, the question is not whether allowing the deemed admissions would have any effect on a trial on the merits of the case; it is whether it would eliminate the need to reach a trial on the merits at all. Such was the situation in Conlon where summary judgment was granted almost entirely due to a deemed admission. Here, by contrast, the matters deemed admitted by plaintiff's late responses would not completely eliminate a trial on the merits. . . . Therefore, the first part of the Rule 36(b) test is not met here and plaintiff's motion should be denied.

*Id.* at *2. Also, in *Millennium Labs., Inc. v. Allied World Assurance Co. (U.S.), Inc.*, No. 12cv2280-BAS(KSC), 2014 WL 6632762, at *2 (S.D. Cal. Nov. 21, 2014), the court stated that "Rule 36(b) relief is warranted only when upholding admissions would preclude a litigant from presenting any issues of merit to the jury." However, in *Conlon,* the Ninth Circuit did not specify that the first part of this test is satisfied *only* when "upholding the

8

deemed admissions eliminated any need for a presentation of the merits." *Id.* at 622. The court merely established that such circumstances are sufficient to satisfy the first part of the test. Indeed, this latter interpretation of *Conlon* is fully consistent with the plain language of Rule 36(b), which dictates that amendment or withdrawal of admissions may be permitted when it "would promote the presentation of the merits of the action." Fed. R. Civ. P. 36(b).

### ii. Plaintiffs Failed to Show How MSI's Amendment Would Prejudice Them

As mentioned previously, the party relying on the deemed admission has the burden of proving prejudice. *Conlon*, 474 F.3d at 622. Additionally, the Ninth Circuit has instructed that "[w]hen undertaking a prejudice inquiry under Rule 36(b), district courts should focus on the prejudice that the nonmoving party would suffer at trial." *Id.* at 623.

Here, Plaintiffs suggest prejudice exists by arguing that MSI waited too long to withdraw the admissions and by stating that MSI has "fail[ed] to provide any explanation whatsoever for its failure to promptly move to withdraw the admission." Opp'n at 10:25–11:12–13. Notably, however, the burden is on Plaintiffs to show how they would be prejudiced, and Plaintiffs have not shown how this delay would cause them any harm at trial – which has not even been scheduled yet. And to the extent Plaintiffs argue they would be prejudiced as a result of having relied on the admissions in filing prior motions for partial summary judgment, the Ninth Circuit has expressly stated that such reliance does not constitute prejudice. *Conlon,* 474 F.3d at 624 ("We agree with the other courts that have addressed the issue and conclude that reliance on a deemed admission in preparing a summary judgment motion does not constitute prejudice."). In sum, Plaintiffs failed to meet their burden of proving prejudice.[5]

///

///

---

[5] In light of the fact that Plaintiffs failed to show prejudice, the Court rejects Plaintiffs' request for sanctions.

9

### d. Leave for Partial Reconsideration is Proper

Because the Court finds MSI's amendments to be appropriate, this change creates a "material difference in fact . . . from that which was presented to the Court before entry of the interlocutory order from which reconsideration is sought." Civil L.R. 7-9(b). Additionally, it is clear that MSI could not have known this material difference existed at the time of the interlocutory order because it was the Court's March 18, 2017 order that rejected MSI's theory that Bock and Evans acted on behalf on the Plaintiffs and not on behalf of MSI when Bock and Evans conducted the trades in dispute. Therefore, the Court GRANTS MSI's motion for leave to file a motion for partial reconsideration of the Court's prior determination that MSI "did not make any suitability determinations for transactions linked to either of the Plaintiffs' accounts." ECF No. 87 at 7:25–26.

## IV. CONCLUSION

In sum, for the foregoing reasons, the Court GRANTS both of MSI's motions. MSI shall file its motion for partial reconsideration no later than **June 30, 2017**. Plaintiffs shall have **14 days** to respond, and MSI shall have **7 days** from the filing date of Plaintiffs response to file a reply. After receipt of the parties' papers, the Court will take the matter under submission without oral argument.

**IT IS SO ORDERED.**

Dated: 6/15/2017 _____
THELTON E. HENDERSON
United States District Judge

10