|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| CHARLOTTE B. MILLINER, et al., <br> Plaintiffs, <br> v. <br> MUTUAL SECURITIES, INC., <br> Defendant. | Case No. 15-cv-03354-TEH <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE: DAMAGES** |

Presently before the Court is Plaintiffs' motion for partial summary judgment re: damages (ECF No. 109). Defendant Mutual Securities, Inc. ("MSI") timely opposed the motion (ECF No. 112), and Plaintiffs timely replied (ECF No. 119). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter is suitable for resolution without oral argument, and vacates the July 10, 2017 hearing and case management conference. Having carefully reviewed the parties' written arguments, the Court DENIES Plaintiffs' motion WITHOUT PREJUDICE for the reasons set forth below.

**DISCUSSION**

In the present motion, Plaintiffs seek two orders: (1) an order "establish[ing] the proper measure of damages caused by Defendant's breach of duty, and determining those damages as suffered by Ms. Brem"; and (2) an order "establishing that Defendant breached its suitability duty by loading Ms. Brem's portfolio with high risk [over the counter] Stocks and/or by failing to diversity the portfolio by placing 100% (or nearly 100%) of Plaintiff [Brem's] funds in speculative and high risk foreign mining stock." ECF No. 109 at 2:2–8. Plaintiffs explain that they seek to build upon the court's prior holding that MSI breached its duty to determine the suitability of Bock and Evans' recommended investments. ECF No. 109 at 1:18–2:8. However, although the Court previously held in its March 18, 2017 Order that "MSI's failure to determine suitability [was] conclusively established" through MSI's Requests for Admissions, *see* ECF No. 87 at 7:25–8:24, MSI

subsequently moved to amend these Requests for Admissions and filed a motion for leave to file a motion for partial reconsideration of the Court's March 18, 2017 order. *See* ECF Nos. 90–91. More specifically, in MSI's motion for leave to file a motion for partial reconsideration, MSI sought leave to move the Court to reconsider its ruling that MSI breached its duty to determine suitability under FINRA Rules. ECF No. 90 at 1:3–5. After reviewing the parties' briefs, oral arguments, and Plaintiffs' supplemental briefing, the Court granted both of MSI's motions. *See* ECF No. 113. Thus, at the present moment, MSI's liability is unsettled[1], and the Court finds Plaintiffs' motion to be premature. *See J & J Sports Prods., Inc. v. Johns,* No. CIV. 1:14-1347 WBS JLT, 2015 WL 13236876, at *6 (E.D. Cal. Dec. 4, 2015) (refusing to rule on damages because defendant had not yet been found liable); *Baker v. D.A.R.A. II, Inc.*, No. CV-06-2887-PHX-LOA, 2008 WL 191995, at *11 (D. Ariz. Jan. 22, 2008) (same); *Smith v. Micron Elecs. Inc.*, No. CV-01-244-S-BLW, 2005 WL 5328543, at *6 (D. Idaho Feb. 4, 2005) (same).

**CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for partial summary judgment re: damages is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated: 6/30/2017  _____
THELTON E. HENDERSON
United States District Judge

---

[1] MSI's motion for partial reconsideration is due today, June 30, 2017. ECF No. 113 at 10:13–14.s

2