UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE B. MILLINER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MUTUAL SECURITIES, INC.,<br><br>Defendant. | Case No. 15-cv-03354-TEH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MSI'S MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S MARCH 18, 2017 ORDER** |

Presently before the Court is Defendant Mutual Securities, Inc.'s ("MSI") motion for partial reconsideration of the Court's March 18, 2017 Order[1]. ECF No. 121 ("Mot."). Plaintiffs timely opposed the motion, ECF No. 125 ("Opp'n"), and MSI timely replied, ECF No. 128 ("Reply"). After carefully considering the parties' arguments, the Court GRANTS IN PART and DENIES IN PART, MSI's motion for partial reconsideration for the reasons stated below.

## I. BACKGROUND

As the parties are familiar with the factual background of this case, the Court provides only a brief summary of the facts relevant to this Order.

This class action is related to another class action separately filed in this Court: Milliner v. Bock Evans Financial Counsel, Ltd., No. 15-cv-1763 TEH (the "Bock Evans Class Action"). The Bock Evans Class Action was brought by the same Plaintiffs as the present class action, to challenge the "'one size fits all' investment approach implemented by their investment advisor, Defendant Bock Evans Financial Counsel, Ltd. ('BEFC')." Compl. ¶ 1 (ECF No. 1). Plaintiffs brought the present class action against MSI because of its relationship with BEFC. Specifically, BEFC required that clients hire MSI as their broker-dealer. Id. ¶ 9. Plaintiffs allege one reason BEFC required clients to use MSI is

---

[1] The Court previously granted MSI leave to file this motion pursuant to Civ. L.R. 7-9(a). *See* ECF No. 113.

because Thomas Bock and Mary Evans, the principal executive officers of BEFC, were registered representatives of MSI. Id. ¶ 9. In other words, Bock and Evans were "dually registered as registered representatives and commissioned brokers of MSI and as investment advisors and principals of BEFC." ECF No. 32 at 1:27–2:1. Plaintiffs allege BEFC "plac[ed] 100% or nearly 100% of their assets in high risk and highly speculative foreign mining stocks, including over-the counter and penny stocks" resulting in the value of BEFC's portfolios going "from $60 million to $4.17 million in just a few years, a drop of roughly $55.83 million, or 93%." Compl. ¶¶ 1–2.

In the Court's March 18, 2017 Order, the Court granted Plaintiffs' motion for partial summary judgment and established that MSI breached its duty to determine suitability under FINRA Rules. ECF No. 87 at 8:23–24. This was because MSI had "clearly admitted it did not make any suitability determinations for transactions linked to the either of the Plaintiffs' accounts," and because case law precluded the Court from considering any of MSI's evidence to the contrary. *Id.* at 7–8. Following that Order, MSI filed a motion to amend its prior responses to Plaintiffs' Requests for Admission, ECF No. 91, and a motion seeking leave to file the present motion for partial reconsideration of the Court's March 18, 2017 Order, ECF No. 90. MSI explained that these motions were warranted because the Court's March 18, 2017 Order altered MSI's understanding of how the law applies to the facts giving rise to this action thus making MSI's prior admission no longer accurate. ECF No. 91 at 1–2. The Court granted both of these motions and clarified that, under FINRA rules, the actions of Bock and Evans may be imputed to MSI. ECF No. 113 at 4–6. At the same time, the Court explained that "while Bock and Evans' actions in determining the suitability of the Plaintiffs' transactions may be imputed to MSI, this does not absolve MSI of further responsibility." Stated differently, even assuming that Bock and Evans did determine the suitability of the challenged transactions, MSI is still required to show "it had a supervisory system capable of satisfying the requirements of NTM 96-33." ECF No. 113 at 6:27–7:2. Subsequently, MSI submitted amended responses to Plaintiffs' Requests for Admission to deny that it "did not 'determine the

suitability of any investment recommendations and advice' made in connection with [Plaintiffs'] Trust Account[s]". *See* ECF No. 91-1.  In light of these amended responses, MSI asks the Court to reconsider its prior holding that MSI "'did not make any suitability determinations for transactions linked to either of the Plaintiffs' accounts,' and to enter partial summary judgment finding that MSI did make suitability determinations for transactions linked to Plaintiffs' accounts." Mot. at 1:3–7.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) establishes that interlocutory orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).  The federal rules do not set forth a standard for reconsideration of interlocutory orders. *Level 3 Commc'ns, LLC v. Lidco Imperial Valley, Inc.*, No. 3:11-cv-1258-GPC-MDD, 2013 WL 394059, at *2 (S.D. Cal. Jan. 30, 2013).  However, Civil Local Rule 7-9(b) requires that the party moving for reconsideration must show "reasonable diligence in bringing the motion," and one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought.  The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b).  "[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest justice." *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364 n. 5 (9th Cir. 1989).

///

///

3

## III. DISCUSSION

MSI's motion seeks two holdings. First, a holding vacating the Court's prior Order establishing that MSI did not determine the suitability of the transactions linked to Plaintiffs' account. Second, a holding granting partial summary judgment to MSI establishing that it did determine the suitability of these transactions and that it adequately supervised the activities of Bock and Evans. Mot. at 1. The Court turns to address each request in turn.

### a. **MSI's Request Vacating the Prior Court's Order Establishing that MSI Did Not Determine the Suitability of the Transactions Related to the Plaintiffs' Accounts**

MSI contends that because the Court's prior order that it breached its duty to determine suitability under FINRA rules was "based solely on MSI's admissions that have now been withdrawn and amended with leave of Court," the Court should reconsider the issue in light of its amended responses to Plaintiffs' Requests for Admissions. Mot. at 1. MSI suggests that its amended responses constitute a "material difference in fact" that satisfies the requirement set forth in Civil L.R. 7-9(b), and that the evidence demonstrates that MSI did in fact, through Bock and Evans, determine the suitability of the trades at issue. In particular, MSI cites the declaration of Mary Evans which sets forth her efforts in determining the suitability of the transactions linked to Plaintiffs' accounts. *See* ECF No. 91-2 ("Evans Decl."). Ms. Evans proffers that she obtained in-depth questionnaires from the Plaintiffs regarding their ages, income, net worth, investment background and experience, investment goals, and risk tolerance, among other things. Evans Decl. at ¶ 4.a. She also maintains she held several conversations with the Plaintiffs in order to confirm and update Plaintiffs' investment profiles and strategies, and that she researched and investigated the various companies in which BEFC invested Plaintiffs' assets to determine their suitability for the Plaintiffs' portfolios. *Id.*

Plaintiffs oppose the motion on several grounds. First, Plaintiffs assert that in order for the Court to reverse its prior order, MSI must show that the March 18, 2017 Order was

4

"clearly erroneous," which it is not. *See* Opp'n at 2–3. And second, that there are no "new" facts or a change in controlling law to warrant reconsideration of the Court's prior order. *See id.* at 2–3. These arguments, however, are misguided.

As to the first contention, the cases which Plaintiffs rely on to support its argument are inapposite. In *Bowoto v. Chevron Corp.*, No. C 99-02506 SI, 2007 WL 2349338, at *6–7 (N.D. Cal. Aug. 14, 2007), the court denied the plaintiffs' motion for reconsideration. But unlike here, in *Bowoto* the parties were filing a motion for reconsideration under Civil L.R. 7-9(b)(3), which requires the parties to show a court's failure to consider material facts or dispositive legal arguments which were presented before the court's interlocutory order. *Id.* Although the plaintiffs in that case were seeking reconsideration based on a prior case, the court found the plaintiffs failed to present any evidence that they were even aware of the case at the time they filed their briefing. *Id.* at *7. Thus, the plaintiffs could not have possibly "presented" the argument to the Court, as required by Civil L.R. 7-9(b). This case is factually and legally distinguishable from *Bowoto*. The other cases Plaintiffs rely on for support were discussing the standard for a *post-judgment* motion for reconsideration, which is governed under Fed. R. Civ. P. 59. *See Bull v. City & Cty. of S.F.,* 758 F. Supp. 2d 925, 928 (N.D. Cal. 2010) (reviewing motion for reconsideration under Fed. R. Civ. P. 59); *McDowell v. Calderon*, 197 F.3d 1253, 1254–55 (9th Cir. 1999) (same); *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715–16 (9th Cir. 1990) (same); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (same). In short, a party moving for reconsideration of an interlocutory order is not required to show the Court's prior interlocutory order was "clearly erroneous" by demonstrating a "wholesale disregard, misapplication, or failure to recognize controlling precedent" as Plaintiffs suggest.

As to the second contention, the Court finds that MSI's amended responses create a "material difference in fact" from that which was presented to the Court before entry of the March 18, 2017 Order. Indeed, the Court's holding that MSI breached its duty to determine the suitability of the disputed transactions was solely based on MSI's admission

5

that it did not do so. ECF No. 113 at 7:19–8:4. Now that MSI has amended its responses, there are different facts that support MSI's motion for reconsideration. Moreover, unlike the facts in *Kilopass Tech. Inc. v. Sidense Corp.,* No. C 10-02066 SI, 2012 WL 1901198, *4 (N.D. Cal. May 24, 2012), MSI's amended responses do not suggest gamesmanship or bad faith. In *Kilopass*, the court denied a plaintiff's motion for reconsideration finding that Civil L.R. 7-9 "does not apply where the 'new material fact' is merely a party's attempt to undo a strategic position for which it has been penalized." But in that case, the plaintiff was attempting to adopt two separate, inconsistent interpretations of its patent in two separate ongoing cases. *Id.* at 3–4. Upon finding that its proclaimed definition in a case before the United States and Patent Office harmed its position in *Kilopass*, the plaintiff sought reconsideration and attempted to re-characterize its conflicting positions. Here, in contrast, MSI's responses to Plaintiffs' Requests for Admissions have been consistent with its theory of the case. MSI's initial response that it did not determine the suitability of the challenged transactions was consistent with its position that "Bock and Evans were communicating with Plaintiffs in their capacities as Investment Advisers of BEFC, not as Registered Representatives of MSI," ECF No. 43 at 11:17–20. Once the Court rejected that position and made it clear that Bock and Evans' actions were imputed to MSI, MSI promptly filed a motion to alter its responses. In sum, the Court finds that Mary Evans' declaration creates a genuine dispute of material fact as to whether MSI determined the suitability of the transactions at issue in this case.

a. **MSI's Request Seeking Partial Summary Judgment in its Favor**

MSI further requests that the Court not only vacate the granting of partial summary judgment in favor of the Plaintiffs on the issue of whether MSI determined the suitability of the trades at issue in this case but that the Court also grant partial summary judgment in its favor on this issue. Mot. at 1:8–24. MSI also suggests that the Court should grant partial summary judgment in its favor on the issue of whether MSI adequately supervised the suitability determinations of Bock and Evans. *Id.* Although MSI acknowledges that it is seeking for partial summary judgment while seeking reconsideration of the underlying

6

motion in which Plaintiffs were moving for summary judgment, MSI argues the Court may grant this relief because the Plaintiffs have had a "full and fair opportunity to litigate the issue before the Court." Mot. at 6 n. 3 (citing *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 312 (9th Cir. 1982). On the other hand, Plaintiffs argue that granting partial summary judgment in MSI's favor would preclude them from the opportunity to conduct appropriate discovery. Opp'n at 5–6. In essence, Plaintiffs argue they have not had the opportunity to fully and fairly litigate the issue, because, in obtaining partial summary judgment based on MSI's responses to their Requests for Admission, they did not anticipate needing to depose Mary Evans or needing to conduct further discovery.

On this point, the Court agrees with Plaintiffs. Simply stated, because the Court's March 18 Order conclusively established that MSI failed to determine suitability, the Plaintiffs did not have a need to propound further discovery on this issue. To deny Plaintiffs the ability to do so at this juncture would be unfair and prejudicial to them. Accordingly, MSI's request for partial summary judgment in its favor is DENIED WITHOUT PREJUDICE. If MSI wishes to do so, it may seek summary judgment by filing its own motion at a later time.

## IV. CONCLUSION

For the aforementioned reasons, MSI's request for partial reconsideration is GRANTED IN PART and DENIED IN PART. The Court's prior holding that MSI failed to determine the suitability of the transactions linked to Plaintiffs' account is hereby VACATED. However, MSI's request for partial summary judgment in its favor is DENIED WITHOUT PREJUDICE. To the extent there are any inconsistencies between this Order and the Court's March 18, 2017 Order, this Order supersedes the previous one.

**IT IS SO ORDERED.**

Dated: 8/11/2017

_____
THELTON E. HENDERSON
United States District Judge

7