David Sturgeon-Garcia. Esq. (State Bar No. 157390)
THE LAW OFFICES OF DAVID STURGEON-GARCIA
1100 Moraga Way, Suite 208
Moraga, CA 94556
Telephone:  925.235.7290

Attorneys for Plaintiffs Charlotte B.
Milliner, Joanne Brem, and the putative class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE B. MILLINER, as trustee of the Charlotte B. Milliner Trust dated January 30, 1997, and as owner and holder of the CHARLOTTE B. MILLINER SEP IRA; JOANNE BREM, as Trustee of the Van Santen-Brem Revocable Trust, for themselves and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>MUTUAL SECURITIES, INC., a California corporation;<br><br>                Defendant. | Case No. CV-15-03354 DMR<br><br>DECLARATION OF COUNSEL IN OPPOSITION TO MOTION TO FILE DOCUMENTS UNDER SEAL |

- 0 -

I, David Sturgeon-Garcia, hereby declare as follows:

1. My Office represented Plaintiffs Charlotte B. Milliner, Joanne Brem and the putative class in the above-entitled action against Defendant Mutual Securities, Inc. ("Defendant" or "MSI").

2. Through its Motion to File Documents Under Seal (ECF No.173), Defendant is seeking to file certain documents under seal, claiming that they were marked "Confidential" under the Protective Order entered in this case on January 31, 2016 as ECF No.23 (the Protective Order.") The Protective Order mostly reflects the Model Protective Order of the Northern District, with a few revisions and additions. The addition relevant here is paragraph 7.2(h), through which the Parties specifically stipulated and agreed that Plaintiffs (and their Counsel) were entitled to disclosure materials designated as "Confidential" to:

> "Federal, State or local regulatory agencies, *self-regulatory organizations*, and law enforcement agencies."

The Financial Industry Regulatory Authority ("FINRA") is a Self Regulatory Organization within the purview of Paragraph 7.2(h). *See* e.g. Summary Judgment Order, ECF No. 52 at pages 4-6:1-22 (FINRA is a Self Regulatory Organization under the Securities and Exchange Act and the primary regulatory body for the broker-dealer industry); p.8:8-13 ("As an initial matter, MSI is registered with FINRA.") Indeed, the Ninth Circuit has recognized that "Congress has vested [FINRA] with the power to promulgate rules, that once adopted by the SEC, have the force of law." ECF No. 52 at p.6:10-14. Accordingly, Plaintiffs and their Counsel were expressly authorized by Defendant and the Court to disclose these documents to FINRA.

3. Among the documents Defendant seeks to seal are the transcripts of the depositions taken by Plaintiffs in this case. There were two depositions: One of Julie Cohen (MSI's Compliance Officer) taken on November 15, 2016, and a second deposition taken on April 24, 2017 (also of Julie Cohen, but as a 30(b)(6) witness.). Contrary to Defendant's suggestions, neither of these deposition transcripts were designated as "Confidential" under the Protective Order.

4. Paragraph 5.2(b) of the Protective Order required that deposition testimony be designated "on the record" as follows:

> *5.2   Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.*
>
> Designation in conformity with this Order requires:
>
> *(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.*

Defendant has failed to submit any evidence to this Court establishing that it identified on the record and before the close of deposition that any portion of the transcripts was "Confidential."  I am not aware of any reference in the transcripts designating any portion of the deposition transcripts as "Confidential."

5.   Defendant has also provided evidence that it otherwise complied with the requirements of the Protective Order.  In fact, these deposition transcripts were filed with the Court on numerous prior occasions (*See e.g.* ECF No.60 #3, ECF No.71 #1, ECF No.73 #1, ECF No.94 #1, ECF No. 106 #1, ECF No.110 #9, ECF No.115 #1 and #2, ECF No. 124 #4 and #6, ECF No.126 #1, and ECF No.136 #5 and #6), all filed without designation of confidentiality or under seal.  As such, the deposition transcripts have been a matter of public record for many months, even years.

6.   Another document Defendant seeks to seal is Exhibit 1 to the Statement of Claim.  These documents were not produced by Defendant in this case, and were not designed as "Confidential."  These documents came directly from Mr. Gilotti's own files, the claimant in the FINRA Arbitration in which they were filed.

7.    Another document Defendant seeks to seal is Exhibit 2 to the Statement of Claim.  These documents are not MSI documents and were not produced by Defendant in this case.

8.   With regard to the Settlement Agreement, FINRA Rule 4530, which Defendant was obligated to follow, required that Defendant itself file the Settlement Agreement with FINRA.

> **Rule 4530 Frequently Asked Questions**
>
> FINRA Rule 4530 (Reporting Requirements) requires firms to report to FINRA specified events, such as a ***settlement*** against a firm in excess of $25,000, and quarterly statistical and summary information regarding written customer complaints. The specified events and customer complaint information must be electronically reported to FINRA via the Firm Gateway. The rule also requires firms to file with FINRA

1
2      copies of specified criminal actions, civil complaints and arbitration claims, which
       firms may file with FINRA via mail or email or online via the Firm Gateway.
3      3.9 A member firm and several associated persons were named as defendants in a
       securities-related private civil litigation initiated by a customer. The firm filed a copy
4      of the civil complaint with FINRA in accordance with FINRA Rule 4530(f). The firm's
       insurance carrier is now settling the matter and paying a $100,000 lump sum to the
5      plaintiff in return for the release of the claim against the firm and associated persons. The
       defendants are subject to joint and several liability. Does the firm have to report the
6      settlement under FINRA Rule 4530(a)(1)(G)?

7      Yes. In the example above, each party is presumed to be settling for $100,000,
       notwithstanding that the insurance carrier is making the payment.
8
9   9.   Any party seeking to file a document under seal must comply with Civil Local Rule 79-5.

10  A party who has designated material as confidential also must file a declaration in support of

11  sealing that rebuts the strong presumption in favor of public access that applies to all documents

12  other than grand jury transcripts or pre-indictment warrant materials. *See Kamakana v. City and*

    *& Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).
13
14  10.   Civil Local Rule 79-5 also requires that the moving party establish that document or

15  document portion is "privileged, protectable as a trade secret or otherwise entitled to protection

16  under the law." Civil L.R. 79-5(b). The Rule also makes clear that "[r]eference to a stipulation

17  or protective order that allows a party to designate certain documents as confidential is ***not***

18  sufficient to establish that a document, or portions thereof, are sealable." Civil L.R. 79-
    5(d)(1)(A).
19
20  11.   At no time did Defendant provide me with any authority establishing that any of the

21  documents it seeks to seal are "privileged, protectable as a trade secret or otherwise entitled to

22  protection under the law." In fact, Defendant fails to cite to a single case in any of its moving

    papers.
23
24  I declare under penalty of perjury that the foregoing is true and correct and that this declaration

25  was executed on April 10, 2019 at Moraga, California.

26  Dated: April 10, 2019

                               *David Sturgeon-Garcia*