UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE B. MILLINER, et al., <br> Plaintiffs, <br> v. <br> MUTUAL SECURITIES, INC., <br> Defendant. | Case No. 15-cv-03354-DMR <br><br> **ORDER ON MOTION FOR RECONSIDERATION AND OTHER PENDING MOTIONS** |

The court currently has four motions before it. Plaintiffs Charlotte B. Milliner and Joann Brem move pursuant to Federal Rule of Civil Procedure 60(b) for relief from a portion of the court's July 8, 2019 order on Defendant Mutual Securities, Inc.'s ("MSI") motion to enforce the parties' settlement agreement and stipulated protective order. [Docket No. 201.] Plaintiffs also move to vacate the court's September 11, 2018 dismissal order. [Docket No. 193.] Proposed Intervenor Vincent Gilotti moves to intervene. [Docket No. 198.] Finally, as part of MSI's motion to enforce the settlement agreement, the parties have submitted supplemental briefing on *Monster Energy v. Schechter*, 7 Cal. 5th 781 (2019). [Docket Nos. 212, 214, 216, 217.] All four matters are suitable for resolution without a hearing. Civ. L.R. 7-1(b).

For the following reasons, the motion for reconsideration is granted in part. The motion to vacate the dismissal, the motion to intervene, and the portion of MSI's motion to enforce the settlement agreement that implicates *Monster Energy* are all denied without prejudice.

## I. BACKGROUND

Plaintiffs filed this putative class action against MSI on July 21, 2015 alleging claims stemming from MSI's brokerage agreement with Plaintiffs. This lawsuit is related to another case filed in this court, *Milliner v. Bock Evans Financial Counsel, Ltd.*, No. 15-cv-1763 JD ("*Bock Evans*"), in which Milliner and Brem challenged the actions of their investment advisor, Bock

Evans Financial Counsel, Ltd. The undersigned conducted a settlement conference on June 1, 2018 which resulted in a full resolution of Plaintiffs' individual claims in this lawsuit. Milliner, Brem, and MSI executed a settlement agreement the same day. On June 5, 2018, with the parties' consent pursuant to 28 U.S.C. § 636(c), this matter was reassigned to this court. The case was dismissed on September 11, 2018.

### A. The Court's July 8, 2019 Order on MSI's Motion to Enforce the Settlement Agreement and Parties' Stipulated Protective Order

In April 2019, MSI filed a motion to enforce the settlement agreement and the parties' stipulated protective order which was entered on January 31, 2016 (Docket No. 23 (Protective Order). [Docket No. 176.] In its motion, MSI presented evidence that in February 2019, Plaintiffs' counsel David Sturgeon-Garcia filed a statement of claim with the Financial Industry Regulatory Authority ("FINRA") against MSI and five individuals on behalf of a different client, Vincent F. Gilotti (the "Gilotti claim"). In relevant part, MSI argued that Sturgeon-Garcia violated the protective order by attaching a document used in this litigation and marked as confidential as exhibits to the Gilotti claim before FINRA. The specific document at issue, which is Exhibit 2 to the Gilotti claim, consisted of six pages, five of which were labeled "confidential." MSI also argued that Plaintiffs and/or Sturgeon-Garcia violated the settlement agreement's confidentiality provision by attaching a copy of the settlement agreement to the Gilotti claim.

On July 8, 2019, the court granted MSI's motion in part, denied it in part, and held part of it in abeyance pending a ruling by the California Supreme Court on a key issue. *Milliner v. Mut. Sec., Inc.*, No. 15-CV-03354-DMR, 2019 WL 2929831 (N.D. Cal. July 8, 2019). The particulars of the July 8, 2019 order are as follows. The court granted MSI's request to seal both the settlement agreement attached to MSI's motion and certain references to the agreement in the order, finding that "[g]iven the particular circumstances of this case . . . good cause exists to permit filing the actual agreement and certain references to it under seal." *Id*. at *1 (citing *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006); *Phillips ex rel. Estates of Byrd v. General Motors Corp*., 307 F.3d 1206, 1212 (9th Cir. 2002)).

As to MSI's argument that Plaintiffs and/or Sturgeon-Garcia violated the settlement

agreement's confidentiality provision by attaching a copy of the settlement agreement to the Gilotti claim, Plaintiffs Milliner and Brem argued that they had not "disclosed anything to anyone," and that as a matter of law, their lawyer "is not bound by the settlement agreement's confidentiality provision because he was not a party to the agreement," citing *Monster Energy Company v. Schechter* ("*Monster Energy I*"), 26 Cal. App. 5th 54 (2018), *review granted*, 239 Cal. Rptr. 3d 662 (2018). *Id.* at *3. Noting that the California Supreme Court had granted review of *Monster Energy I*, the court found that "the question of whether Sturgeon-Garcia is bound by the confidentiality provision in the settlement agreement remains unsettled." *Id*. Accordingly, the court ordered the following:

> [P]ending the California Supreme Court's decision in *Monster Energy*, Sturgeon-Garcia shall comply with the confidentiality provision of the settlement agreement unless and until relieved of this obligation by this court. Specifically, within seven days of the date of this order, Sturgeon-Garcia must withdraw the settlement agreement from Gilotti's FINRA claim. Nothing in the record suggests that Gilotti will be prejudiced in any way by its withdrawal, or that the settlement agreement in this case is material or even relevant to Gilotti's claim. This portion of MSI's motion is held in abeyance. Within 14 days of the California Supreme Court's decision in *Monster Energy*, the parties shall submit a joint letter advising the court of the decision. The court will order further briefing, if necessary, or take the matter under submission on the papers already filed.

*Id.* at *4.

With respect to MSI's argument that Sturgeon-Garcia had violated the protective order, the court described the relevant terms, which provide that "any Disclosure or Discovery Material that is designated as 'confidential'" constitutes "protected material." *Id.* at *5 (Protective Order § 2.13). Under the protective order, "[a] Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, or any manner deemed a related matter within the meaning of Civil Local Rule 3-12." Protective Order at § 7.1. Further, a receiving party may only disclose protected material to certain categories of individuals. Protective Order at § 7.2.

Plaintiffs responded that the six pages of Exhibit 2 "are <u>not</u> MSI documents and were <u>not</u> produced by Defendant in this case," but were instead "produced by a third party in response to a

subpoena by Plaintiffs," and therefore MSI lacked standing to enforce the protective order as MSI was not the designating party. *Milliner*, 2019 WL 2929831, at *6, n.3 (emphasis in original). Plaintiffs also argued that the protective order allows for disclosure of protected material to FINRA, as it is a regulatory agency. *Id*. at *6. Noting that there was no "dispute that the documents, marked confidential by a third party, constitute 'protected material,'" the court rejected these arguments, holding that Sturgeon-Garcia's submission of the documents with the Gilotti claim violated the protective order:

> Sturgeon-Garcia's submission of these documents with the Gilotti claim . . . violates section 7.1 of the protective order, which provides that "[a] Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, or any manner deemed a related matter within the meaning of Civil Local Rule 3-12." [Protective Order] at § 7.1. The exception in section 7.2(h) permits only a "receiving party" to disclose protected material to self-regulatory organizations, and the protective order defines "receiving party" as "a Party that receives Disclosure or Discovery Material from a Producing Party." *Id.* at § 2.14. Sturgeon-Garcia is not a party to this litigation. Finally, the protective order provides that "[w]ithin 60 days after the final disposition of this action . . . each Receiving Party must return all Protected Material to the Producing Party or destroy such material." *Id.* at § 13. It appears that Plaintiffs did not comply with this provision with respect to the documents in Exhibit 2, as this matter was dismissed on September 11, 2018, and Sturgeon-Garcia attached the documents to Gilotti's claim on February 5, 2019, well over 60 days after the dismissal.

*Id.* at *6 (second ellipses in original).

The court ordered Sturgeon-Garcia to withdraw the five pages marked "confidential" in Exhibit 2 from the Gilotti claim by a date certain and ordered Plaintiffs to certify to the court that they had complied with Section 13 of the protective order by the same deadline. *Id*.

Finally, the court concluded that Sturgeon-Garcia had not violated the protective order by submitting certain deposition transcripts with the Gilotti claim. The court also ordered Milliner to request a dismissal of her FINRA claims against MSI in accordance with the settlement agreement. *Id.* at *5, 6.

Plaintiffs subsequently moved to stay the July 8, 2019 order in light of an anticipated motion for leave to file a motion for reconsideration. [Docket No. 190.] The court granted the request in part and stayed the portion of its order directing Plaintiffs to withdraw Exhibit 2 from

4

the Gilotti claim until further court order and gave Plaintiffs a deadline to file a motion for leave to file a motion for reconsideration as to that portion of the order. [Docket No. 191.] Plaintiffs timely filed their motion for leave to file a motion for reconsideration. On July 18, 2019, the court granted Plaintiffs leave to file a motion for reconsideration and set a briefing schedule on the motion. [Docket No. 195.]

On July 23, 2019, Plaintiffs filed a notice of appeal of the July 8, 2019 order to the United States Court of Appeals for the Ninth Circuit, even though this court had not yet had an opportunity to consider Plaintiffs' motion for reconsideration or to rule on the *Monster Energy* issue that it had held in abeyance in the July 8, 2019 order. [Docket No. 197.]

### B. The Four Pending Motions

There are four pending matters. First, Plaintiffs move for reconsideration of the portion of the court's July 8, 2019 order finding that Sturgeon-Garcia violated the protective order with respect to Exhibit 2 and directing Plaintiffs to withdraw Exhibit 2 from the Gilotti claim.

Second, the July 8, 2019 order held in abeyance the portion of MSI's motion to enforce the settlement agreement to the extent it implicated a legal issue on review before the California Supreme Court. On July 11, 2019, California's high court issued *Monster Energy Co. v. Schechter*, 7 Cal. 5th 781 (2019), affirming in part and reversing in part *Monster Energy I*. The parties subsequently submitted briefing on the impact of that decision on MSI's motion to enforce the parties' settlement agreement. [Docket Nos. 209, 212, 214, 216, 217.] In their briefing, the parties dispute the import of *Monster Energy* and continue to dispute whether Sturgeon-Garcia is bound by the settlement agreement's confidentiality provision.

On July 16, 2019, Plaintiffs moved to vacate the court's September 11, 2018 order dismissing this action, which MSI opposes. [Docket Nos. 193, 194.]

On July 24, 2019, Proposed Intervenor Vincent Gilotti filed a motion to intervene for the purpose of unsealing the settlement agreement filed by MSI with its motion to enforce the settlement agreement and stipulated protective order. MSI also opposes that motion. [Docket Nos. 198, 208.]

## II. DISCUSSION

### A. Jurisdiction to Rule on the Four Motions

As noted, on July 23, 2019, Plaintiffs filed a notice of appeal of the July 8, 2019 order. In its July 8, 2019 order, the court 1) granted MSI's request to file the settlement agreement and certain references to it under seal; 2) held in abeyance the portion of MSI's motion challenging Sturgeon-Garcia's attachment of the settlement agreement to the Gilotti claim pending a decision in *Monster Energy*, and ordered Sturgeon-Garcia to comply with the confidentiality provision of the settlement agreement unless and until relieved of this obligation by this court, including withdrawing the settlement agreement from the Gilotti claim; 3) held that Sturgeon-Garcia violated the protective order with respect to Exhibit 2 to the Gilotti claim; 4) held that Sturgeon-Garcia did not violate the protective order with respect to his submission of certain deposition transcripts with the Gilotti claim; and 5) ordered Milliner to request a dismissal of her FINRA claims against MSI in accordance with the settlement agreement. Plaintiffs' notice of appeal does not specify which portions of the order they challenge.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam). The purpose of this rule "is to promote judicial economy and avoid the confusion that would ensue from having the same issues before two courts simultaneously." *Natural Res. Def. Council v. Sw. Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (citing *Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956 (9th Cir.1983)). This rule "is a creature of judicial prudence, however, and is not absolute." *Masalosalo*, 718 F.2d at 956. The court is not divested of jurisdiction over matters collateral to a determination of the merits of the case. *See United States ex rel Shutt v. Cmty. Home & Health Care Servs., Inc.,* 550 F.3d 764, 766 (9th Cir. 2008) (factual issues are "collateral to the main action" when they involve a "factual inquiry distinct from one addressing the merits"); *Masalosalo,* 718 F.2d at 957 (district court retains power to award attorneys' fees after notice of appeal from decision on merits).

Here, Gilotti's motion to intervene seeks to unseal the settlement agreement filed by MSI

and is therefore directly related to a matter currently before the Ninth Circuit. Therefore, this court currently lacks jurisdiction to decide it. The motion to intervene is accordingly denied without prejudice. *See Bryant v. Crum & Forster Specialty Ins. Co*., 502 Fed. Appx. 670, 670 (9th Cir. 2012) (filing of notice of appeal divested the district court of jurisdiction to entertain a later-filed motion to intervene).

The court also lacks jurisdiction to decide the outstanding issue regarding the effect of *Monster Energy* on Sturgeon-Garcia's ability to use the settlement agreement, because Plaintiffs divested this court of its ability to rule on it when they filed their appeal of the July 8, 2019 order that held that issue in abeyance.

As to Plaintiffs' motion to vacate the court's September 11, 2018 order dismissing this action, it is not clear whether such a motion is collateral to the matters being appealed. The parties did not address this in the motion papers, and the court's own research did not yield any authority regarding whether the court has jurisdiction to consider the motion under these circumstances. In the absence of such authority and out of an abundance of caution, the court denies the motion without prejudice pending resolution of Plaintiffs' appeal.

Finally, with respect to Plaintiffs' motion for reconsideration, on August 20, 2019, following its receipt of the motion for reconsideration, the Ninth Circuit stayed the proceedings in the appeal "until the district court determines whether [Plaintiffs'] July 25, 2019 filing falls within [the motions] listed in Federal Rule of Appellate Procedure 4(a)(4) and, if so, whether the motion should be granted or denied." [Docket No. 211.] Federal Rule of Appellate Procedure 4(a)(4) states:

> **(4) Effect of a Motion on a Notice of Appeal.**
>
> (A) If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure--and does so within the time allowed by those rules--the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
>
> (i) for judgment under Rule 50(b);
>
> (ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

7

> (iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;
>
> (iv) to alter or amend the judgment under Rule 59;
>
> (v) for a new trial under Rule 59; or
>
> (vi) **for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.**

Fed. R. App. P. 4(a)(4) (emphasis added).

Plaintiffs' motion for reconsideration of the July 8, 2019 order seeks relief under Federal Rule of Civil Procedure 60 and was filed on July 25, 2019, less than 28 days after the issuance of the order. Therefore, their Rule 60 motion was filed within the 28-day time period set forth in Federal Rule of Appellate Procedure 4(a)(4). The notice of appeal is thus suspended, and this court has jurisdiction to dispose of the Rule 60 motion, to which the court now turns.

### B. Analysis of Plaintiffs' Rule 60 Motion for Reconsideration

Plaintiffs argue that contrary to MSI's representations, Exhibit 2 was not produced in response to a subpoena issued in this action, but was instead produced in response to a subpoena issued in the *Bock Evans* case to third party National Financial Services, LLC ("NFS"). Plaintiffs point out that there is a stipulated protective order in place in *Bock Evans* which governs Exhibit 2. [Docket No. 201 at ECF pp. 7-8 (Sturgeon-Garcia Decl., July 25, 2019) ¶¶ 2, 3.] Accordingly, Plaintiffs argue, this court had no jurisdiction to rule on the purported breach of the *Bock Evans* protective order, because any motion challenging Sturgeon-Garcia's use of Exhibit 2 should have been directed to Judge Donato. *See* Civ. L.R. 7-1(b) ("Motions must be directed to the Judge to whom the action is assigned, except as that Judge may otherwise order."). Plaintiffs assert that defense counsel "deliberately mislead this Court" into making "inaccurate rulings," Mot. 3, and ask the court to set aside the portion of its July 8, 2019 order regarding Exhibit 2.

In response, MSI concedes that Exhibit 2 was produced by NFS in response to a subpoena issued by Plaintiffs in *Bock Evans* and not in this case, and that the *Bock Evans* protective order governs Exhibit 2. Defense counsel states that when he was drafting the motion to enforce the settlement agreement and stipulated protective order, he was "operating under the mistaken recollection that Sturgeon-Garcia issued the subpoena to NFS in this case rather than in the related

BEFC Action." [Docket No. 213-1 (Ahern Decl., Aug. 22, 2019) ¶¶ 7, 9.]  He apologizes for his error and states that he "had no intention to mislead the Court or anybody else involved in these proceedings."  *Id*. at ¶ 9.

Federal Rule of Civil Procedure 60(b) provides for reconsideration of a final judgment, order, or proceeding "upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief."  *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (citing Fed. R. Civ. P. 60(b)).  "Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court."  *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004).  Plaintiffs contend that relief is appropriate under either Rule 60(b)(3) for fraud or Rule 60(b)(6) for "any . . . reason that justifies relief."  Mot. 2.

To prevail under Rule 60(b)(3), Plaintiff "must establish that a judgment was obtained by fraud, misrepresentation, or misconduct, and that the conduct complained of prevented the moving party from fully and fairly presenting the case."  *In re M/V Peacock on Compl. of Edwards*, 809 F.2d 1403, 1404-05 (9th Cir. 1987).  Further, the fraud must "not be discoverable by due diligence before or during the proceedings."  *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (quotation omitted).  "The rule is aimed at judgments which were unfairly obtained, not at those which are factually incorrect."  *In re M/V Peacock*, 809 F.2d at 1405.  Here, reconsideration under Rule 60(b)(3) is inappropriate because Plaintiffs have not shown that MSI "unfairly obtained" the court's order finding Sturgeon-Garcia in violation of the protective order in this case.  Rather, MSI has admitted that its counsel made a mistake regarding Exhibit 2 and did not intentionally mislead the court regarding the production of that document.  Moreover, Plaintiffs have not shown that they could not discover MSI's mistake during the pendency of MSI's motion.  Notably, Plaintiffs' opposition brief did not raise the issue of Exhibit 2 having been produced in a different case.

However, reconsideration is appropriate under Rule 60(b)(6), which provides that "the court may relieve a party or its legal representative from a[n] . . . order" for "any other reason that justifies relief."  "Rule 60(b)(6) is a grand reservoir of equitable power, and it affords courts the discretion and power to vacate judgments whenever such action is appropriate to accomplish

9

justice." *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009) (quotations and citations omitted). In this case, it is undisputed that due to MSI's mistake, the court ruled on whether Sturgeon-Garcia had violated the protective order entered in this case, even though the documents in Exhibit 2 were produced in the *Bock Evans* lawsuit, and are not subject to the protective order. Given these circumstances, the portion of the July 8, 2019 order addressed to Exhibit 2 is vacated.

Finally, Plaintiffs appear to ask this court to rule that Sturgeon-Garcia's use of Exhibit 2 did not violate the *Bock Evans* protective order. *See* Mot. 4, Reply 4-5. This request is perplexing given Plaintiffs' position that the undersigned does not have jurisdiction to decide any issues related to Exhibit 2. Plaintiffs' request is denied. The court also denies MSI's request that the court refer the matter of whether Sturgeon-Garcia violated the *Bock Evans* protective order to Judge Donato. Should MSI seek to pursue this issue, it should file a motion before Judge Donato in accordance with the Local Rules.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration is granted in part. The portion of the court's July 8, 2019 order finding Sturgeon-Garcia in violation of the protective order with respect to Exhibit 2 and directing Plaintiffs to withdraw Exhibit 2 from the Gilotti claim is VACATED. Gilotti's motion to intervene; the portion of MSI's motion to enforce the settlement agreement that is addressed to whether under *Monster Energy* Sturgeon-Garcia is bound by the confidentiality provision of the settlement agreement; and Plaintiffs' motion to vacate the September 11, 2018 dismissal order, are all denied without prejudice pending resolution of Plaintiffs' appeal of the July 8, 2019 order.

**IT IS SO ORDERED.**

Dated: October 9, 2019

_____
Donna M. Ryu
United States Magistrate Judge

10