UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE B. MILLINER, et al., <br> Plaintiffs, <br> v. <br> MUTUAL SECURITIES, INC., <br> Defendant. | Case No. 15-cv-03354-DMR <br><br> **ORDER DENYING MOTION TO VACATE DISMISSAL ORDER** <br> Re: Dkt. No. 193 |

Plaintiffs Charlotte B. Milliner and Joann Brem filed this putative class action against Defendant Mutual Securities, Inc. ("MSI") in 2015. On June 1, 2018, following a settlement conference before the undersigned, the parties resolved Plaintiffs' individual claims and executed a written settlement agreement the same day. [Docket No. 166.] The parties subsequently consented to have this court conduct all further proceedings pursuant to 28 U.S.C. § 636(c) and matter was reassigned to the undersigned on June 5, 2018. [Docket Nos. 167-169.] On September 11, 2018 the court sua sponte entered the following order dismissing the case: "On June 6, 2018, this case was transferred to the undersigned solely for enforcement of the parties' settlement agreement. The case may be reopened solely for that purpose. The Clerk of Court shall close the file." [Docket No. 172 (Order Dismissing Case).]

Plaintiffs filed the instant motion to vacate the dismissal order on July 16, 2019. [Docket No. 193.] MSI opposes the motion. [Docket No. 204.] In October 2019, the court denied the motion without prejudice on the ground that it lacked jurisdiction to decide the motion pending resolution of Plaintiffs' appeal of an earlier court order to the United States Court of Appeals for the Ninth Circuit. [Docket No. 219.] The Ninth Circuit ultimately granted MSI's motion to dismiss Plaintiffs' appeal for lack of jurisdiction. *Milliner as Tr. of Charlotte B. Milliner Tr. Dated Jan. 30, 1997 v. Mut. Sec., Inc.*, No. 19-16463, 2020 WL 4252641 (9th Cir. Mar. 31, 2020).

Accordingly, Plaintiffs' motion to vacate the September 11, 2018 dismissal order is now appropriate for decision. This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is denied.

**I.  DISCUSSION**

Plaintiffs ask the court to vacate its September 11, 2018 sua sponte dismissal order and permit the parties to submit a stipulated request for dismissal. Plaintiffs' motion is not a model of clarity, but the basis for the request appears to be the following: this lawsuit was filed as a putative class action challenging MSI's investment approach. Plaintiffs settled and released their individual claims against MSI. They did not release any claims by putative class members. Mot. 2. According to Plaintiffs, the parties also "expressly agreed to the timing and form of the dismissal to be entered in this case" in connection with the settlement agreement. *Id*. Plaintiffs do not set forth the terms of any such express agreement in their motion, but cite an August 4, 2018 email from Plaintiffs' counsel to defense counsel in which he references the timing of the filing of the dismissal:

> Paragraph 2 of the Settlement Agreement states that the release running to MSI is not effective until 91 days have passed after the last payment is made, which was on August 1, 2018. Accordingly, the release is not effective until after October 30, 2018. Attached is the Dismissal, which you can submit to the Court after October 30, 2018.

[Docket No. 193 at ECF pp. 4-5 (Sturgeon-Garcia Decl., July 15, 2019) ¶ 2, Ex. 1.] Therefore, Plaintiffs' position was that MSI could file a request to dismiss the case after October 30, 2018, which was the date Milliner and Brem's release of claims against MSI was effective.

As noted, the court entered its sua sponte dismissal order on September 11, 2018, over one month before the October 30, 2018 date. Plaintiffs now contend that the court's earlier dismissal of the action may prejudice the putative class members, citing *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974). In *American Pipe*, the Supreme Court held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." 414 U.S. at 554. According to Plaintiffs, the court's sua sponte dismissal order "result[ed] in potential prejudice to all putative class members" because "MSI could argue that the

2

statute of limitations clock for all putative class members re-started following this Court's sua sponte dismissal, rather than the later date agreed to by the Parties." Mot. 2-3.

There are numerous problems with Plaintiffs' motion. First and foremost, Plaintiffs' position that the entire action could be dismissed on October 30, 2018 is not supported by the settlement agreement itself. The court has reviewed the agreement, which was filed under seal in connection with a different motion. The provision addressing the release of the individual claims (Section 3), including its effective date, says nothing about the timing of the dismissal. Similarly, the provision of the agreement addressing the mechanics of the dismissal (Section 2) is silent as to the date the dismissal was to be filed with the court.[1] In other words, it appears that Plaintiffs have conflated the effective date of the release of Milliner and Brem's individual claims with the dismissal of the entire action.

Moreover, Plaintiffs offer no authority for the relief they request. Plaintiffs cite Federal Rule of Civil Procedure 41, which governs dismissal of actions, and *American Pipe*, but neither supports the relief Plaintiffs seek in this motion. The relevant portion of Rule 41 does not provide a mechanism by which the court may vacate a dismissal order, but instead sets forth the circumstances in which a plaintiff may voluntarily dismiss an action, *see* Fed. R. Civ. P. 41(a), and *American Pipe* did not involve a party seeking to vacate a dismissal. Instead, Rule 60 governs motions for relief from a final judgment or order. Specifically, Rule 60(b) provides for reconsideration of a final judgment, order, or proceeding "upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (citing Fed. R. Civ. P. 60(b)). "Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district

---

[1] Paragraph 2 of the settlement agreement sets out when Plaintiffs would provide MSI with a request for dismissal but doesn't address when MSI had to file the dismissal. In any event, based on Plaintiffs' counsel's August 4, 2018 email discussed above, Plaintiffs received the final settlement payment on August 1, 2018. Pursuant to paragraph 2, Plaintiffs were supposed to give MSI the request for dismissal by approximately August 15, 2018, and presumably MSI could then file it. This was almost a month before the court filed its sua sponte dismissal. Plaintiffs thus had plenty of time to get a dismissal on file that contained their preferred wording.

3

court." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004).

The only subsection of Rule 60(b) that appears to apply in these circumstances is Rule 60(b)(6), which allows the court to reconsider an order for "any . . . reason that justifies relief." To the extent that the court construes Plaintiffs' motion as a Rule 60(b)(6) motion for relief from the September 11, 2018 dismissal order, the motion is denied as untimely. "A motion under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981). Here, Plaintiffs offer no explanation for the 10-month delay in filing their motion, and there is nothing in the record to suggest Plaintiffs were unaware of the court's dismissal order and the relevant facts. To the contrary, Plaintiffs submit a September 11, 2018 email in which the parties' attorneys communicated about the court's dismissal of the action: "I saw that Judge Ryu dismissed the case today. I didn't file the dismissal. That was sua sponte." Sturgeon-Garcia Decl. ¶ 3, Ex. 2 (email from defense counsel). Further, "[r]elief under section 60(b)(6) is reserved for 'extraordinary circumstances.'" *Id*. Plaintiffs do not assert the existence of such circumstances here. For example, they offer no evidence that any putative class member has suffered prejudice as a result of the court's sua sponte dismissal of the action.[2]

## II.  CONCLUSION

For the foregoing reasons, Plaintiffs' motion to vacate the dismissal order is denied.

**IT IS SO ORDERED.**

Dated: June 28, 2021

_____
Donna M. Ryu
United States Magistrate Judge

---

[2] In their reply, Plaintiffs disavow any reliance on Rule 60 to vacate the dismissal order, and argued that the court has "'inherent procedural power' to fix [its] own prior orders." Reply 1. The court declines to consider arguments raised for the first time on reply.

4