UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE B. MILLINER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MUTUAL SECURITIES, INC.,<br><br>Defendant. | Case No. 15-cv-03354-DMR<br><br>**ORDER DENYING MOTIONS FOR ATTORNEYS' FEES**<br><br>Re: Dkt. Nos. 233, 235 |

Plaintiffs Charlotte B. Milliner and Joann Brem executed a written settlement agreement with Defendant Mutual Securities, Inc. ("MSI") on June 1, 2018. MSI later filed a motion to enforce the settlement agreement and the stipulated protective order entered in this case, arguing that Plaintiffs and their counsel, David Sturgeon-Garcia, had breached them. The court ruled on portions of the motion in July 2019 and held one part in abeyance pending the issuance of a determinative decision by the California Supreme Court. In June 2021, the court ruled on the remaining dispute. Both sides now move for awards of attorneys' fees pursuant to a provision in the settlement agreement and California Civil Code section 1717, each arguing that it is the prevailing party on the motion to enforce the settlement agreement. [Docket Nos. 233 (Pls.' Mot.), 235 (Def.'s Mot.).] These motions are suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motions are denied.

**I.    BACKGROUND**

Plaintiffs Milliner and Brem filed this case as a putative class action asserting claims stemming from MSI's brokerage agreement with them. On June 1, 2018, following a settlement conference before the undersigned, the parties resolved the case and executed a written settlement agreement that contained a confidentiality provision. The parties subsequently consented to have

this court conduct all further proceedings pursuant to 28 U.S.C. § 636(c). The case was dismissed on September 11, 2018.

In April 2019, MSI filed a motion to enforce the settlement agreement and the stipulated protective order entered in this case. It argued that Plaintiffs and Sturgeon-Garcia breached the settlement agreement, including its confidentiality provision, among other things. [Docket No. 176 (Def.'s Mot. to Enforce).] Specifically, MSI presented evidence that in February 2019, Sturgeon-Garcia filed a statement of claim with the Financial Industry Regulatory Authority ("FINRA") against MSI and five individuals on behalf of a different client, Vincent F. Gilotti (the "Gilotti claim"). Gilotti's FINRA claim included as attachments some discovery materials from this case, including a document that MSI had marked as confidential and some deposition transcripts. Additionally, Gilotti's claim noted that Milliner and Brem had settled their individual claims against MSI and dismissed the class claims with prejudice. In support of the statement that "any and all claims held by putative class members, like Mr. Gilotti, were preserved," Gilotti cited the settlement agreement and attached a complete copy as an exhibit to his claim.[1]

In its motion to enforce the settlement agreement and the stipulated protective order, MSI argued that Plaintiffs and/or Sturgeon-Garcia violated the terms of the settlement agreement in three ways, as follows: 1) Sturgeon-Garcia attached confidential documents and deposition transcripts produced and/or used in this case to the Gilotti claim in violation of the settlement agreement's confidentiality provision (issue one); 2) Sturgeon-Garcia attached the settlement agreement to the Gilotti claim in violation of the settlement agreement's confidentiality provision (issue two); and 3) the settlement agreement required Milliner to dismiss her FINRA statement of claim but she failed to do so (issue three). Def.'s Mot. to Enforce at ECF p. 2.[2] MSI asked the

---

[1] Sturgeon-Garcia denies that he provided the settlement agreement to Gilotti. [Docket No. 179 (Sturgeon-Garcia Decl., Apr. 22, 2019) ¶ 8.]

[2] MSI also argued that Sturgeon-Garcia violated the protective order entered in the case by attaching confidential documents and deposition transcripts from this litigation to Gilotti's claim. The court granted in part and denied in part that portion of the motion. *Milliner v. Mut. Sec., Inc.* ("*Milliner I*"), No. 15-CV-03354-DMR, 2019 WL 2929831, at *5-6 (N.D. Cal. July 8, 2019). It vacated the portion of its order holding that Sturgeon-Garcia violated the protective order on reconsideration. *Milliner v. Mut. Sec., Inc.*, No. 15-CV-03354-DMR, 2019 WL 5067012, at *6 (N.D. Cal. Oct. 9, 2019). That issue is not relevant to the instant dispute over attorneys' fees.

court to order Plaintiffs and Sturgeon-Garcia to pay its attorneys' fees and costs incurred in enforcing the settlement agreement pursuant to a provision in the agreement. *Id*. at ECF pp. 8-9.

The court issued an order on July 8, 2019. *Milliner v. Mut. Sec., Inc.* ("*Milliner I*"), No. 15-CV-03354-DMR, 2019 WL 2929831 (N.D. Cal. July 8, 2019). As to issue one, it found that Sturgeon-Garcia's submission of materials from this litigation did not violate the settlement agreement's confidentiality provision. *Id*. at *4-5.

The court held issue two in abeyance pending a ruling by the California Supreme Court that bore on the question of whether Sturgeon-Garcia was bound by the settlement agreement's confidentiality provision because he was not a party to the agreement and had not signed it in any capacity. *Id*. at *3-4 (discussing *Monster Energy Company v. Schechter* ("*Monster Energy I*"), 26 Cal. App. 5th 54 (2018), *rev'd,* 7 Cal. 5th 781 (2019)). The court found that "the question of whether Sturgeon-Garcia is bound by the confidentiality provision in the settlement agreement remains unsettled." *Id*. at *4. Accordingly, the court ordered Sturgeon-Garcia to take mitigating measures pending the decision in *Monster Energy*:

> [P]ending the California Supreme Court's decision in *Monster Energy*, Sturgeon-Garcia shall comply with the confidentiality provision of the settlement agreement unless and until relieved of this obligation by this court. Specifically, within seven days of the date of this order, Sturgeon-Garcia must withdraw the settlement agreement from Gilotti's FINRA claim. Nothing in the record suggests that Gilotti will be prejudiced in any way by its withdrawal, or that the settlement agreement in this case is material or even relevant to Gilotti's claim. This portion of MSI's motion is held in abeyance. Within 14 days of the California Supreme Court's decision in *Monster Energy*, the parties shall submit a joint letter advising the court of the decision. The court will order further briefing, if necessary, or take the matter under submission on the papers already filed.

*Id.* at *4.

As to issue three, the court found that "Milliner's continuing failure to dismiss her FINRA claim does not violate the exact wording of the settlement agreement." Nonetheless, the court noted that it was "baffling" why the claim was still pending and ordered Milliner to dismiss her FINRA claims against MSI within seven days of the date of the order. *Id*. at *5.

The court deferred ruling on MSI's request for attorneys' fees and expenses pending the outcome of issue two. *Id*. at *6.

3

The parties notified the court after the California Supreme Court issued *Monster Energy Co. v. Schechter*, 7 Cal. 5th 781 (2019). The court then set a briefing schedule on the impact of the decision.

On June 28, 2021, the court ruled on issue two; that is, whether Plaintiffs and/or Sturgeon-Garcia violated the settlement agreement's confidentiality provision by attaching a copy of the settlement agreement to the Gilotti claim. *Milliner v. Mut. Sec., Inc.* ("*Milliner II*"), No. 15-CV-03354-DMR, 2021 WL 2645793 (N.D. Cal. June 28, 2021). The court concluded that "[i]n the absence of any evidence that Sturgeon-Garcia consented to the settlement agreement and the confidentiality provision therein, MSI has not established that he was bound by it." *Id*. at *6. Therefore, the court held that MSI "has not established that he breached the confidentiality provision" in connection with the Gilotti claim. *Id*. The court also ruled that MSI had not established that Milliner or Brem "personally breached any provision of the settlement agreement." *Id*.

Plaintiffs filed the instant motion for an award of attorneys' fees, arguing that MSI moved "to enforce the Settlement Agreement, and lost" and that Plaintiffs are "prevailing parties" under the attorneys' fees provision. Pl.'s Mot. 1. MSI subsequently filed its own motion for an award of attorneys' fees. It argues that it is the prevailing party because it obtained "essentially all the relief that it sought when it filed its motion to enforce the settlement agreement, while Plaintiffs obtained no relief." Def.'s Mot. 2.

## II.   LEGAL STANDARD

The settlement agreement contains a provision that if a party seeks to enforce the agreement, the party that prevails is entitled to its costs and reasonable attorneys' fees incurred in connection with any such enforcement proceeding. The agreement also provides that it is to be interpreted under federal law and California law.[3]  Settlement Agreement § 9.

Both sides move for an award of attorneys' fees pursuant to California Civil Code section 1717, which states:

---

[3] The court does not directly quote from the settlement agreement because the agreement contains a confidentiality provision. The precise language of the attorneys' fees provision is not material to the outcome of this motion.

4

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract . . . shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a). A prevailing party is "the party who recovered a greater relief in the action on the contract." Cal. Civ. Code § 1717(b)(1). To recover attorneys' fees pursuant to a contract, "[t]he court, upon notice and motion by a party, shall determine who is the party prevailing on the contract for purposes of this section . . . [and] may also determine that there is no party prevailing on the contract for purposes of this section." Cal. Civ. Code § 1717(b)(1).

In *Hsu v. Abbara*, 9 Cal. 4th 863, 875-76 (1995), the California Supreme Court held that a trial court "has no discretion to deny attorney fees [under section 1717] to the successful litigant" when a party obtains a "simple, unqualified win" on a contract claim, "that is, when the decision on the litigated contract claims is purely good news for one party and bad news for the other . . . ." However, in cases "in which the opposing litigants could each legitimately claim some success in the litigation," courts retain discretion to find that there is no prevailing party under section 1717. *Id*. A court may "determine that a party is not prevailing when it receives only a part of the relief sought," *Berkla v. Corel Corp.*, 302 F.3d 909, 920 (9th Cir. 2002) (quotation and citation omitted), and "in determining litigation success, courts should respect substance rather than form, and to this extent should be guided by "equitable considerations." *Hsu*, 9 Cal. 4th at 877 (emphasis removed).

The *Hsu* court instructed that "in deciding whether there is a 'party prevailing on the contract,' the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources." *Id*. at 876. "The prevailing party determination is to be made only upon final resolution of the contract claims and only by a comparison of the extent to which each party has succeeded and failed to succeed in its contentions." *Id*. (cleaned up).

5

### III. DISCUSSION

In this case, each side contends that it is the prevailing party under section 1717. In its opening brief, Plaintiffs simply assert that MSI "filed a motion to enforce the Settlement Agreement, and lost." Pls.' Mot. 1. Plaintiffs do not analyze MSI's litigation objectives in moving to enforce the settlement agreement or the extent to which each side "succeeded and failed to succeed in its contentions." *See Hsu*, 9 Cal. 4th at 876.

For its part, MSI acknowledges that it was "not completely successful in enforcing the settlement agreement against Plaintiffs' counsel," but argues that MSI "obtained essentially all the relief that it sought when it filed its motion to enforce the settlement agreement, while Plaintiffs obtained no relief." Def.'s Mot. 2. Specifically, MSI contends that it is the prevailing party because it obtained an order requiring Milliner to dismiss her FINRA claim and instructing Sturgeon-Garcia to remove the settlement agreement from Gilotti's claim. *Id*.

In their opposition to MSI's motion, Plaintiffs assert that they "ultimately prevailed on a practical level on all the contract claims," arguing that the court found in their favor on issues one and two. Pls.' Opp'n 2-3. As to issue three, whether Milliner was required to dismiss her FINRA statement of claim, Plaintiffs contend that the court found that "there was no technical violation of the settlement agreement." *Id*. at 4-5.

To determine whether to award contractual fees to a prevailing party under section 1717, the court must "compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives." *Hsu*, 9 Cal. 4th at 876. The court also must respect substance rather than form, and to this extent should be guided by "equitable considerations." *Id.* at 877 (emphasis removed).

Neither side can claim a clear victory here. Plaintiffs prevailed on issue one, as the court found that Sturgeon-Garcia's submission of materials from this litigation with the Gilotti claim did not violate the settlement agreement's confidentiality provision.

As to issue two, the court ultimately found that MSI had not established that Milliner or Brem personally breached any provision of the settlement agreement in connection with Sturgeon-Garcia's attachment of the settlement agreement to the Gilotti claim, and that Sturgeon-Garcia

1  himself was not bound by the settlement agreement and so had not breached its confidentiality
2  provision. However, MSI obtained a key measure of relief with respect to issue two. Specifically,
3  in its July 8, 2019 Order, the court ordered Sturgeon-Garcia to withdraw the settlement agreement
4  from Gilotti's claim within seven days.

The results were similarly mixed on issue three. The court concluded that "Milliner's continuing failure to dismiss her FINRA claim does not violate the exact wording of the settlement agreement," but nonetheless ordered her to dismiss her FINRA claim against MSI within seven days. *See Milliner I*, 2019 WL 2929831, at *5. MSI thus achieved its litigation objective as to issue three.

Given the mixed outcome of MSI's motion to enforce the settlement agreement, neither side achieved a "simple, unqualified win." *See Hsu*, 9 Cal. 4th at 876. Although MSI technically did not obtain a legal win on any of the three bases for its motion, it achieved meaningful results toward its litigation objectives on two of the three issues through the relief granted by the court. In light of the equivocal results of MSI's motion to enforce the settlement, the court finds that there was no prevailing party on the contract pursuant to section 1717(b)(1). It thus declines to award fees to either side. Both motions are denied.

## IV. CONCLUSION

For the foregoing reasons, the parties' motions for attorneys' fees are denied.

**IT IS SO ORDERED.**

Dated: February 25, 2022



Donna M. Ryu
United States Magistrate Judge